**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35024**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | 2010 Unpublished Opinion No. 649 |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: September 21, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JEFFREY MICHAEL NIEMAN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Fred M. Gibler, District Judge.

Judgment of conviction for lewd conduct with a minor child under sixteen, affirmed.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Jeffrey Michael Nieman appeals from his judgment of conviction for lewd conduct with a minor child under sixteen. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Nieman was charged with lewd conduct with a minor child under sixteen, I.C. § 18-1508, for engaging in manual-genital contact with his stepdaughter, T.N., while she was between the ages of twelve and fourteen. Prior to trial, the state filed a notice of intent to introduce evidence of prior sexual conduct pursuant to I.R.E. 404(b). Among other things, the state sought to introduce testimony from T.N. that Nieman told her that he liked to help ex-girlfriends change their feminine hygiene products and that he had engaged in homosexual intercourse while previously incarcerated. The state contended that this evidence showed Nieman's plan and preparation to groom the victim for his sexual advances. Nieman filed a motion in limine to

1

exclude the evidence. After a hearing, the district court granted Nieman's motion in part as to other proposed evidence. The district court indicated that the proposed testimony involving Nieman's conversations with T.N. about ex-girlfriends and sexual conduct in prison would be relevant to show plan and preparation and would not be unduly prejudical, but deferred ruling until trial.

At trial, T.N. testified to the facts surrounding Nieman's sexual advances toward her, including the alleged incident of lewd conduct as well as his conversations with her about prior sexual behavior. Nieman objected to any testimony about his conversations with T.N. regarding prior sexual conduct. The district court found the testimony relevant and admissible pursuant to Rule 403 and 404(b). The jury found Nieman guilty of lewd conduct, and the district court sentenced him to a unified term of twelve years, with a minimum period of confinement of four years. Nieman appeals.

## II.

## ANALYSIS

Nieman first claims that the district court abused its discretion by failing to make an adequate inquiry into the evidence at the hearing on the motion in limine. He contends that, by deferring its ruling until receiving additional evidence at trial, the district court impermissibly excused the state from its burden of proof at the hearing on the motion in limine. In support of his argument, Nieman relies on *State v. Grist*, 147 Idaho 49, 205 P.3d 1185 (2009) and *State v. Parmer*, 147 Idaho 210, 207 P.3d 186 (Ct. App. 2009). Nieman argues that, in light of *Grist* and *Parmer*, the district court was required to make a specific finding articulated on the record that Nieman's prior conduct occurred. This Court recently addressed this same argument in *Cooke v. State*, 149 Idaho 233, 233 P.3d 164 (Ct. App. 2010). In *Cooke*, this Court clarified that the district court need only make a specific articulation as to whether the prior conduct occurred if that question is squarely at issue. *Cooke*, 149 Idaho at 240, 233 P.3d at 171. In that event, such a specific articulation is necessary for the determination of relevance. *Id.* However, in this case, the issue of whether the prior conduct occurred was not disputed before the district court. Therefore, no specific articulation was required. To the extent that Nieman argues that the district court erred by deferring its ruling until trial, his argument is without merit. This Court has held that it is within the discretion of the trial court to rule on a motion in limine prior to trial or to withhold a decision on the motion until evidence is offered at trial. *State v. Dopp*, 129

2

Idaho 597, 603, 930 P.2d 1039, 1045 (Ct. App. 1996). Aside from his reliance on *Grist* and *Parmer*, Nieman has not otherwise argued how the district court's decision to defer ruling on the motion was erroneous. Accordingly, we conclude that no abuse of discretion has been shown.

Nieman next argues that the district court erred by admitting evidence of his conversations with T.N. concerning his prior sexual conduct. The evidence which Nieman challenges is T.N.'s testimony that Nieman told her that he liked to help ex-girlfriends change their feminine hygiene products and that he had engaged in homosexual intercourse while previously incarcerated. Nieman contends that this evidence was irrelevant for any purpose other than propensity and, furthermore, its probative value was substantially outweighed by the danger of unfair prejudice.

Evidence of other crimes, wrongs, or acts is not admissible to prove a defendant's criminal propensity. I.R.E. 404(b); *State v. Needs*, 99 Idaho 883, 892, 591 P.2d 130, 139 (1979); *State v. Winkler*, 112 Idaho 917, 919, 736 P.2d 1371, 1373 (Ct. App. 1987). However, such evidence may be admissible for a purpose other than that prohibited by I.R.E. 404(b). *State v. Avila*, 137 Idaho 410, 412, 49 P.3d 1260, 1262 (Ct. App. 2002). In determining the admissibility of evidence of prior bad acts, the Supreme Court has utilized a two-tiered analysis. The first tier involves a two-part inquiry: (1) whether there is sufficient evidence to establish the prior bad acts as fact; and (2) whether the prior bad acts are relevant to a material disputed issue concerning the crime charged, other than propensity. *Grist*, 147 Idaho at 52, 205 P.3d at 1188. We will treat the trial court's factual determination that a prior bad act has been established by sufficient evidence as we do all factual findings by a trial court. We defer to a trial court's factual findings if supported by substantial and competent evidence in the record. *State v. Porter*, 130 Idaho 772, 789, 948 P.2d 127, 144 (1997).

When considering admission of evidence of prior bad acts, we exercise free review of the trial court's relevancy determination. *Id.* The second tier in the analysis is the determination of whether the probative value of the evidence is substantially outweighed by unfair prejudice. *Grist,* 147 Idaho at 52, 205 P.3d at 1188. When reviewing this tier, we use an abuse of discretion standard. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices

before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

This Court has previously held that evidence of prior conduct is relevant to show a plan where the evidence demonstrates a pattern of "grooming" a potential victim for later sexual abuse. *State v. Blackstead*, 126 Idaho 14, 19, 878 P.2d 188, 193 (Ct. App. 1994). In that case, the state sought to show that Blackstead used drugs as a method of seducing or lowering the resistance of the victim and rewarding her for submission to his sexual demands. *Id.* This Court concluded that this evidence was probative of a continuing criminal design by Blackstead to cultivate a relationship with his victim, induce her submission to his sexual demands, and procure her silence through use of drugs. *Id.* This Court further held:

> Proof of a plan to commit the charged crime is a purpose authorized by I.R.E. 404(b) for introduction of other crimes evidence. Therefore, in cases where uncharged criminal acts of the defendant were in furtherance of an underlying plan to commit the charged crime, those acts are . . . admissible to show the accomplishment of the criminal goal.

*Id.* Therefore, Blackstead's efforts to persuade and induce his victim were probative of his plan and the steps taken to effectuate the charged offense. *Id.* at 19-20, 878 P.2d 193-94.

In this case, evidence of Nieman's sexualized conversations with T.N. was likewise probative of his plan to groom her for future sexual abuse. The evidence tended to show that, by presenting his past sexual behavior to T.N., Nieman sought to introduce sexual topics into their relationship in order to assess her interest and decrease her resistance to his sexual advances. There was substantial evidence at trial related to Nieman's "sexualization" of T.N. leading up to the instance of lewd conduct. The evidence of his conversations with T.N. was probative of this continuing criminal design.

Nieman attempts to distinguish this case from *Blackstead*. He claims that the evidence cannot be relevant to show a plan because the prior conduct did not occur in conjunction with the act of lewd conduct. Furthermore, he contends that the act of lewd conduct did not involve tampons or homosexual behaviors. Nieman's argument is unpersuasive. His prior conduct did not need to involve identical behavior to the charged offense or be temporally proximate in order to be relevant and probative of his plan to groom T.N. for his sexual advances. The district court could properly infer that Nieman's sexualized conduct occurring over a period of time was part of his plan to decrease T.N.'s resistance and induce her to accept such conduct as normal.

4

While the evidence of Nieman's conversations with T.N. was relevant and probative of a continuing criminal design, evidence that Nieman had previously served time in prison was not. *See State v. Roberts*, 129 Idaho 194, 198, 923 P.2d 439, 443 (1996). Accordingly, the district court erred by admitting evidence of Nieman's disclosure that he had been previously incarcerated. However, error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). To hold an error harmless, the reviewing court must conclude beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. *State v. Sheldon*, 145 Idaho 225, 230, 178 P.2d 28, 33 (2008). *See also California v. Chapman* 386 U.S. 18, 24 (1967).

Extensive and convincing evidence was presented at trial to demonstrate that Nieman had committed lewd conduct. In addition to other evidence, the victim testified that Nieman came into her room at night and touched her genitals and breasts. The victim's statements regarding Nieman's inappropriate behavior were corroborated in part by Nieman's letters to the victim. We therefore conclude beyond a reasonable doubt that the inclusion of evidence of Nieman's past incarceration did not contribute to the jury's guilty verdict. As such, the district court's error was harmless.

### III.
### CONCLUSION

The district court did not abuse its discretion by deferring its ruling on Nieman's motion in limine until trial. The evidence of Nieman's prior conversations with T.N. concerning his past sexual behaviors with former girlfriends and with other men was relevant for the purpose of showing his plan to groom T.N. for his sexual advances. However, evidence of Nieman's conversation with T.N. during which he referred to being incarcerated was irrelevant and prejudicial. Therefore, the district court erred by allowing its admission. Yet, based on the other evidence presented at trial, the district court's error was harmless. Accordingly, Nieman's judgment of conviction for lewd conduct with a minor child under sixteen is affirmed.

Chief Judge LANSING and Judge GRATTON, **CONCUR.**

5