773 P.2d 651

STATE of Idaho, Plaintiff–Respondent,

v.

Martha POLAND, Defendant–Appellant.

No. 17169.

Court of Appeals of Idaho.

May 5, 1989.

---

Charles B. Lempesis and Theodore L. Rupp, Post Falls, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

The appellant, Martha Poland, was found guilty by a jury of voluntary manslaughter for stabbing Jeffrey Lowery to death in Spirit Lake, Idaho. At her trial, Poland claimed she had acted in self-defense and in defense of Lowery's father, Don. At the sentencing hearing, Poland orally moved for a new trial. The court took the motion under advisement, pending preparation of a partial transcript of the trial testimony, and proceeded with sentencing. The court imposed an indeterminate term of two years in the custody of the Board of Correction. However, the court decided also to retain jurisdiction for 120 days in order to receive and consider reports of Poland's progress and evaluation by the Board and, in addition, the court suspended execution of the judgment and sentence until the motion for new trial had been decided. Several months later, the court entered an order denying the new trial motion, lifted the stay of execution of the sentence and directed that Poland be delivered by the sheriff to the state penitentiary. Poland appealed following entry of that order. The district court then entered an additional stay of execution of the judgment and sentence pending the resolution of this appeal.

Poland challenges the fairness of her trial in several respects. However, we conclude that only one of her challenges need be discussed, inasmuch as we find it dispositive of the appeal.[1] The issue concerns reference during Poland's trial to her refusal to answer questions in a post-arrest interview by a prosecutor's agent. Poland asserts this error warrants reversal of the judgment of conviction and entitles her to a new trial. For reasons explained below, we agree with Poland's contention.

Before discussing the issue raised by Poland in this appeal, we must address a threshold question posed by the state concerning the extent of our review. The state urges that this appeal should be limited only to a review of the trial court's discretionary decision not to grant Poland's motion for a new trial. The state suggests that such an approach is appropriate because Poland did not appeal from the judgment of conviction within the forty-two day period allowed by I.A.R. 14(a) after the judgment was entered; but, instead, appealed from the order denying her post trial motions, entered approximately nine months after the judgment of conviction.

We are not persuaded by the state's contention and we will consider this case as a direct appeal from the judgment of conviction. We do this for the following reasons. Rule 14 of the Idaho Appellate Rules provides that:

> The [forty-two day period of] time for an appeal from any criminal judgment, order or sentence in an action is terminated by the filing of a motion within fourteen (14) days of the entry of the judgment which, if granted, could affect the judg-

---

1. The other issues raised by Poland relate to events and conduct of the prosecutor unlikely to occur on retrial.

ment, order or sentence in the action, in which case the appeal period for the judgment and sentence commences to run upon the date of the clerk's filing stamp on the order deciding such motion. Here, although Poland's motion for a new trial was not filed in a documentary form with the district court, the motion was made on the record in open court, was argued, and was considered by the trial judge at the same hearing when the judgment of conviction was pronounced. The judge took the motion under advisement and suspended execution of the judgment of conviction in the meantime. Had the motion been granted, it clearly would have affected the judgment and sentence in this case. In our view, Poland's motion for a new trial extended the time for appeal from the judgment, consistent with the purpose and intent of Rule 14. After the motion was decided by the trial court, the notice of appeal was filed. The notice specified the order from which the appeal was being taken—an order which included denial of the motion for new trial, denial of a timely motion under I.C.R. 35 to reconsider the sentence, and lifting the stay of execution of the sentence. In this regard, I.A.R. 17(e) provides that:

> The notice of appeal shall designate the final judgment, order or decree appealed from which shall be deemed to include, and present on appeal:

> .    .    .    .    .

> (B) All final judgments, orders and decrees entered prior to the judgment, order or decree appealed from for which the time for appeal has not expired, ...

In light of these rules, we conclude that this appeal permits review of the issues raised by Poland with respect to her judgment of conviction.

■ We turn now to the salient issue on this appeal. Poland asserts that her right

to due process and right not to incriminate herself were violated when the prosecutor elicited from a witness, Jack Pintler, the fact that Poland had declined to answer questions and had terminated an investigatory interview conducted after her arrest and after she had been given her *Miranda* warnings. However, no objection was asserted during the trial to Pintler's revelations. As a general rule, in the absence of a timely objection to an alleged error at trial, the reviewing court will not consider such alleged error on appeal. *State v. Estes,* 111 Idaho 423, 725 P.2d 128 (1986). Nonetheless, a failure to interpose an adequate objection to an alleged error at trial will not bar appellate review in a criminal case if the alleged error constitutes a "fundamental error." *State v. Haggard,* 94 Idaho 249, 486 P.2d 260 (1971). Fundamental error is an "error which so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his constitutional right to due process." *State v. Koch,* 115 Idaho 176, 178, 765 P.2d 687, 689 (Ct.App.1988). We believe that Poland has raised such an issue with respect to the prosecutor's elicitation of testimony about her post-*Miranda* silence. When the state calls attention to a defendant's post-*Miranda* silence, thereby risking an unfavorable inference of guilt in violation of the United States and Idaho Constitutions, this action warrants review under the fundamental error rule. *State v. White,* 97 Idaho 708, 551 P.2d 1344 *cert. denied,* 429 U.S. 842, 97 S.Ct. 118, 50 L.Ed.2d 111 (1976). We therefore will review the subject as a fundamental error notwithstanding the lack of an objection to the testimony, at trial.

■ The witness, Pintler, was the prosecuting attorney's investigator who conducted an interview with Poland after she was advised of her *Miranda* rights.[2]  Poland

---

**2.** Pintler testified regarding Poland's participation in the interview:

[Prosecutor] Q.  What was her general demeanor as the interview progressed?
[Pintler]: A.  Her demeanor was good. She was cooperative. She was alert. She knew where she was. She knew what she was doing. As the interview progressed and the

chain of events progressed she became less cooperative. When she was pinned down on certain statements or asked to be specific about the statements she made, her attitude had changed to some degree.
Q.  Changed in what degree?
A.  She was more on the defensive.
Q.  What finally occurred?

contends that the prosecutor improperly sought to use her post-*Miranda* silence to raise an inference of guilt against her and to impeach her credibility. Poland submits she was denied a fair trial, due to this testimony, in violation of the fifth and fourteenth amendments to the United States Constitution and in violation of Art. I, Sec. 13 of the Idaho Constitution. We agree. Our Supreme Court has held that "if a prosecutor is allowed to introduce evidence of silence, for any purpose, then the right to remain silent guaranteed in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), becomes so diluted as to be rendered worthless." *State v. White, supra*, 97 Idaho at 714, 551 P.2d at 1350.

█ Our conclusion, however, that the evidence of post-*Miranda* silence constituted fundamental error does not end our inquiry. Although the evidence was in error, not all error, even fundamental error, demands reversal. *State v. Urquhart*, 105 Idaho 92, 665 P.2d 1102 (Ct.App.1983). Fundamental error may still be harmless error. *See, e.g., State v. Wright*, 97 Idaho 229, 542 P.2d 63 (1975). For a fundamental error to be held harmless, the court must declare a belief, beyond a reasonable doubt, that there was no reasonable possibility that such evidence complained of contributed to the conviction. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). In this case, Poland defended her action by claiming self-defense and defense of Lowry's father, Don. Her main assertion was that she thought Lowery had stormed into the house with the intent to kill his father, after having beaten-up Don earlier that day. However, the prosecutor's reference to Poland's termination of the interview when being questioned about the events immediately preceding the stabbing, was an indirect attack upon this defense.

A reference to a defendant's silence is "insolubly ambiguous" because of the state's obligation, upon an arrest, to advise the defendant of the right to remain silent. *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). Here, we conclude that Pintler's reference to Poland's exercise of her right not to make any further statements during the interview, adversely affected Poland's due process right to a fair trial because in the context of the testimony [3] Poland's silence might give rise to an inference of guilt in the minds of jurors. *See State v. Urquhart, supra.* We are not convinced beyond a reasonable doubt that the same result would have been reached had Pintler's testimony been properly excluded. *See State v. LePage*, 102 Idaho 387, 630 P.2d 674 *cert. denied*, 454 U.S. 1057, 102 S.Ct. 606, 70 L.Ed.2d 595 (1981).

Accordingly, the judgment of conviction is vacated and the case is remanded for new trial.

BURNETT, J., concurs.

SWANSTROM, Judge, concurring specially.

This is a close case on the issue whether fundamental error occurred in the trial because of testimony that Poland had invoked her right to post-arrest silence. Certainly, I am not convinced that the prosecutor here intentionally exploited the defendant's right to post-arrest silence as was the case in *State v. White*, 97 Idaho 708, 551 P.2d 1344, *cert. denied*, 429 U.S. 842, 97 S.Ct. 118, 50 L.Ed.2d 111 (1976). Indeed, in my view, the testimony quoted in this opinion, by itself, did not undermine the fairness of the trial. However, when the testimony is viewed in combination with other occurrences to be found in the record, I am

---

A. Finally she said that she didn't want to continue the statement any further and she was told she could leave.
Q. Now what point in the interview are we talking about did that occur?
A. Well, the point that she decided that she had said all she wanted to say to say for that day was when we were talking about those statements that were made and essentially at the very end of the story and what happened at the incident time and directly thereafter.
Q. So it was at that point that you terminated the interview?
A. That's correct.

3. Pintler's testimony characterized Poland as becoming more "defensive" and "less cooperative" as "she was pinned down."

willing to say that guarantees of a fair trial require that the conviction be set aside.