114 P.3d 133

STATE of Idaho, Plaintiff–Respondent,

v.

Jose LOPEZ, Defendant–Appellant.

No. 30208.

Court of Appeals of Idaho.

Jan. 27, 2005.

Review Denied June 28, 2005.

Molly J. Huskey, State Appellate Public Defender; Jason Curtis Pintler, Deputy Appellate Public Defender, Boise, for appellant. Jason Curtis Pintler argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica Marie Borup, Deputy Attorney General, Boise, for respondent. Jessica Marie Borup argued.

## SUBSTITUTE OPINION

### THE COURT'S PRIOR OPINION DATED DECEMBER 13, 2004, IS HEREBY WITHDRAWN

PERRY, Judge.

Jose Lopez appeals from his judgment of conviction for aggravated battery and use of a firearm during the commission of a felony. Lopez contends that his due process rights were violated when the prosecutor, on cross-examination and during closing argument, impermissibly referred to Lopez's pre-*Miranda*[1] and post-*Miranda* silence. For the reasons set forth below, we vacate.

## I.

### FACTS AND PROCEDURE

In the early hours of a mid-April morning, Lopez spotted his pickup, which had been missing, outside a house in north Boise. Soon thereafter, Lopez became involved in an altercation with a resident of the house. As a result of the altercation, the resident was shot. Based on this incident, Lopez was charged with attempted murder in the second degree and use of a firearm during the commission of a felony. Lopez pled not guilty and the case proceeded to trial.

At trial, the victim testified that Lopez came to his home, attacked him and, during the attack, shot him. The victim further testified that, once he was able to get the gun out of Lopez's possession, Lopez ran away. Police officers found Lopez in the same neighborhood. Several other witnesses, including the victim's neighbor and two friends, testified for the prosecution. Lopez testified that he did not attack the victim and that he had been the one assaulted. On cross-examination, the state questioned Lopez regarding why, upon being stopped by the police, he failed to tell the officers his version of the events. Additionally, during the questioning of one of the police officers and during closing argument, the state mentioned Lopez's failure to describe to the officers his version of the events.

A jury found Lopez guilty of aggravated battery, I.C. § 18–907, and use of a firearm during the commission of a crime, I.C. § 19–2520. Lopez filed a motion for a judgment of acquittal or, in the alternative, for a new trial. The district court denied the motion for acquittal but granted a new trial based on the court's conclusion that it had not adequately inquired into a possible conflict of interest. The state appealed. This Court reversed the district court's order granting a new trial and remanded for sentencing. *See State v. Lopez*, 139 Idaho 256, 77 P.3d 124 (Ct.App.2003). Following the appeal, the district court entered a judgment of conviction and sentenced Lopez to a unified term of twenty years, with a minimum period of confinement of five years. Lopez again appeals,

1. *See Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

arguing that his due process rights were violated when the prosecutor, on cross-examination and in closing argument, referred to Lopez's pre-*Miranda* and post-*Miranda* silence.

## II.

## ANALYSIS

Lopez asserts that his due process rights, which are protected by the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article 1, Section 13 of the Idaho Constitution, were violated at his trial when the state attempted to impeach him by questioning him and a detective regarding his failure to tell the officers his version of the events immediately after the incident. A further due process violation occurred, he asserts, when the state, during closing argument, again referred to Lopez's failure to immediately tell his version of the events to the investigating officers. Lopez did not object to this questioning or the argument during the trial.

 The state argues that, because Lopez did not object to the prosecutor's questions or comments at trial, this Court should not consider the issue on appeal. This Court will not generally address an issue not preserved for appeal by an objection in the trial court. *State v. Rozajewski,* 130 Idaho 644, 645, 945 P.2d 1390, 1391 (Ct.App.1997). However, we may consider fundamental error in a criminal case, even though no objection was made at trial. *Id.* Fundamental error has been defined as error which goes to the foundation or basis of a defendant's rights, goes to the foundation of the case or takes from the defendant a right which was essential to his or her defense and which no court could or ought to permit to be waived. *State v. Babb,* 125 Idaho 934, 940, 877 P.2d 905, 911 (1994). This Court has held that the admission of testimony about a defendant's post-*Miranda* silence constitutes fundamental error. *See State v. Poland,* 116 Idaho 34, 36, 773 P.2d 651, 653 (Ct.App.1989). Because Lopez raises issues of fundamental error, we will address his claims.

 The United States Supreme Court has held that due process is violated if the prosecutor impeaches a testifying defendant with evidence that the defendant was silent after receiving *Miranda* warnings. *See Doyle v. Ohio,* 426 U.S. 610, 619, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91, 98 (1976). A testifying defendant may be impeached with evidence of his or her pre-arrest, pre-*Miranda* silence. *Jenkins v. Anderson,* 447 U.S. 231, 240, 100 S.Ct. 2124, 2130, 65 L.Ed.2d 86, 95 (1980); *State v. Moore,* 131 Idaho 814, 820–21, 965 P.2d 174, 180–81 (1998). However, the defendant's decision to exercise his or her right to remain silent either before or after his or her arrest cannot later be used in the state's case-in-chief for the purpose of inferring guilt. *Moore,* 131 Idaho at 820, 965 P.2d at 180; *State v. Hodges,* 105 Idaho 588, 592, 671 P.2d 1051, 1055 (1983).

 In the present case, Lopez testified that the victim attacked him. On cross-examination, the prosecutor asked the following two questions of Lopez:

Q: When you got to where you were stopped by police officers, your first chance—once you caught your breath, your first chance to tell the officers that [the victim] had assaulted you with a gun, you didn't tell them that, did you?

A: They didn't—he just handcuffed me and that's it. You know, it seemed—I was still in a daze about it. I could not actually believe it just happened like that.

Q: You never did tell anyone until today that [the victim] assaulted you with a gun; correct?

A: Correct.

Additionally, during the state's rebuttal, the prosecutor asked a detective the following question about the jail interview the detective conducted of Lopez: "Now, the defendant has testified that [the victim] pulled a gun on him. Did he tell you that at that time?" The detective answered, "No."

Finally, during rebuttal closing argument, the prosecutor made the following comments:

Just put yourself in this position. Somebody has just stolen your car. You went to get it and here's the guy ... and I walk up to him and he shoves me back and he

apparently never seen him and just out of the blue the guy walks up to him and says, I want my car, and [he] just shoves him back. So then I'm dazed.... Then he comes out with a gun and I think, oh my gosh, he's going to shoot me so I go after the gun. Then the gun goes off six times, bullets are going in the house, bullets going to unknown places and I get away and I run down. Now, my first chance to tell somebody, I run until I collapse, coincidentally run by a block, don't look down the block, don't see two police officers down the block, I don't run to them, I keep running down the street and then I cut up another street running wildly and then police officers come and what do I think? I think good, I'm safe. Here's what, "Officer," as I throw up, "That guy, that guy just tried to kill me." Is that what he does? No. No, he didn't do that. Okay. So you think, okay, he's too sick to do that. When he's transported to the jail, he's going to tell the officer then after catching his breath and he doesn't do that. In his interview with [the detective] or [the detective] is talking to him, what does he say? He doesn't say, "That dope fiend, that nobody tried to kill me." He says, "What would you do if somebody pulled you out of your car." ...

....

... If the story is as he said, he would have told the officers his first opportunity if he had been the victim of this shooting.

With regard to the first question asked of Lopez on cross-examination, the record is insufficient to discern whether Lopez had received his *Miranda* warnings at the scene prior to speaking to police officers. Thus, we are unable to determine whether this question was impermissible. Therefore, on this record, we cannot say that the questioning constituted fundamental error. However, the record reveals that Lopez did receive *Miranda* warnings prior to an interview at the jail. Accordingly, the second question asked of Lopez on cross-examination, "[y]ou never did tell anyone until *today* that [the victim] assaulted you with a gun; correct," is an impermissible use of post-*Miranda* silence. The prosecutor's second question re-

fers to Lopez's silence from the time of the incident until the time he testified and the record shows that Lopez had received his *Miranda* warnings prior to testifying at trial. Additionally, the prosecutor's questioning of the detective about Lopez's failure to give his version of the events during the jail interview and the state's comments in closing argument are impermissible uses of post-*Miranda* silence. Thus, the state elicited three references concerning Lopez's silence after he received his *Miranda* warnings during the jail interview.

 Error is not reversible unless it is prejudicial. *State v. Stoddard,* 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct.App.1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See Poland,* 116 Idaho at 37, 773 P.2d at 654. An error is harmless if the appellate court is able to say, beyond a reasonable doubt, that the jury would have reached the same result absent the error. *State v. Boman,* 123 Idaho 947, 950–51, 854 P.2d 290, 293–94 (Ct.App.1993).

This case hinged largely on the credibility of the victim and Lopez. The victim testified that Lopez fired gunshots at him, both inside and outside the house. Lopez's testimony directly contradicted the victim's testimony. Lopez testified that he saw his pickup outside the victim's house but that, when he approached the house, the victim attacked him. Lopez stated that the victim had the gun and it went off while they were wrestling outside. The victim acknowledged that approximately three hours prior to the incident, he had injected methamphetamine and smoked marijuana. When asked when he had last used methamphetamine before testifying, the victim responded that he had used two days earlier. Later in the trial proceedings, the victim admitted that this testimony regarding when he last used methamphetamine was false.

Two of the victim's friends testified that shots were fired inside the house. However, contrary to their testimony and the victim's own testimony, the police did not find any empty shell casings inside the house. A

crime scene investigator testified that in his opinion, no shots were fired inside.

During closing argument, defense counsel listed the various inconsistencies in the victim's testimony including conflicting descriptions of the attack and sounds of the gunshots. Defense counsel further pointed out the victim's inconsistent stories and reiterated to the jury that the victim could have been suffering from the effects of methamphetamine while he was testifying. Considering the conflicting nature of the evidence, we cannot say, beyond a reasonable doubt, that the jury would have reached the same result absent the errors. Therefore, the errors in the admission of testimony concerning Lopez's post-*Miranda* silence were not harmless.

### III.

### CONCLUSION

The state impermissibly referred to Lopez's post-*Miranda* silence, and this was fundamental error that was not harmless. Accordingly, Lopez's judgment of conviction for aggravated battery and use of a firearm during the commission of a felony is vacated.

Chief Judge LANSING and Judge GUTIERREZ concur.

