**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42134**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 618** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: September 10, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **RONALD EDWARD WISDOM,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction and unified concurrent forty-year sentences with twenty years determinate for three counts of lewd conduct with a minor under the age of sixteen years, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Ronald Edward Wisdom appeals from the district court's judgment of conviction and concurrent unified forty-year sentences with twenty years determinate for each of three counts of lewd conduct. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Wisdom with three counts of lewd conduct with a minor under the age of sixteen, Idaho Code § 18-1508. The charges involved Wisdom's stepdaughter (M.L.). M.L. testified that the charged abuse began when she was approximately eight years old and continued until she was fourteen years old when she disclosed the abuse and law enforcement was contacted.

1

At trial, a State's witness recounted a group conversation that occurred in Wisdom's garage about secrets and regrets where Wisdom looked at his wife (M.L.'s mother) and said, "I have secrets and things that I have done that I don't have to answer to nobody for, not even you, not even God." Wisdom objected to the comment, asserting it was hearsay, irrelevant, and prejudicial, but the district court admitted the comment. However, Wisdom's wife later testified, recalling Wisdom's comment thus: "He said that he had done some horrible, horrible things in his life, and that the only person that he was ever going to have to answer to was God." Wisdom did not object to his wife's version of the comment. A jury convicted Wisdom of all three counts. Wisdom timely appeals.

## II.

## ANALYSIS

Wisdom claims that the district court erred by admitting the statement made in the garage. Wisdom further claims that two statements made by the prosecutor during closing argument amounted to prosecutorial misconduct. We will address each in turn.

### A.     Admission of the Statement

Wisdom argues that the account of his comment by the State's witness was not relevant because the comment itself and its context were too general to refer to the charged conduct. He also asserts that even if the account of his comment was relevant, it was more prejudicial than probative. We need not address these arguments because, even assuming the district court erred in admitting the account of Wisdom's comment, such error was harmless. Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). To hold an error harmless, this Court must conclude, beyond a reasonable doubt that the error did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 227-28, 245 P.3d 961, 979-80 (2010).

Wisdom does not contend that the version of the comment that he made in the garage and was testified to, over objection, by the State's witness was materially different from the substantially similar version of the comment testified to, without objection, by Wisdom's wife. Because the substance of Wisdom's comment was admitted through his wife's testimony, we are convinced beyond a reasonable doubt that the testimony by the State's witness about the

2

comment did not contribute to the verdict. Thus, the district court did not commit reversible error by admitting testimony by the State's witness about the comment.

**B.      Prosecutorial Misconduct**

For the first time on appeal, Wisdom argues that statements in the prosecutor's closing argument misstated the reasonable doubt standard, lowered the State's burden of proof, and appealed to the emotion, passion, and prejudice of the jury. While our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, he or she is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.*

Wisdom made no contemporaneous objection to the prosecutor's closing argument at trial. In *Perry*, the Idaho Supreme Court clarified the fundamental error doctrine as it applies to allegations of prosecutorial misconduct. If the alleged misconduct was not followed by a contemporaneous objection, an appellate court should reverse when a defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Perry*, 150 Idaho at 226, 245 P.3d at 978.

Accordingly, we must first address whether the statements in the prosecutor's closing argument violated any of Wisdom's unwaived constitutional rights. Closing argument serves to sharpen and clarify the issues for resolution by the trier of fact in a criminal case. *State v. Phillips*, 144 Idaho 82, 86, 156 P.3d 583, 587 (Ct. App. 2007). Its purpose is to enlighten the jury and to help the jurors remember and interpret the evidence. *Id.*; *State v. Reynolds*, 120 Idaho 445, 450, 816 P.2d 1002, 1007 (Ct. App. 1991). Both sides have traditionally been afforded considerable latitude in closing argument to the jury and are entitled to discuss fully, from their respective standpoints, the evidence and the inferences to be drawn therefrom. *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003); *Phillips*, 144 Idaho at 86, 156 P.3d at 587. However, misrepresentations or diminishments of the State's burden to prove the defendant's guilt beyond a reasonable doubt are impermissible. *State v. Raudebaugh*, 124 Idaho 758, 769, 864 P.2d 596, 607 (1993); *State v. Erickson*, 148 Idaho 679, 685, 227 P.3d 933, 939 (Ct. App. 2010); *Phillips*, 144 Idaho at 86, 156 P.3d at 587. Likewise, appeals to the emotion,

3

passion, or prejudice of the jury through the use of inflammatory tactics are impermissible. *Phillips*, 144 Idaho at 87, 156 P.3d at 588. *See also Raudebaugh*, 124 Idaho at 769, 864 P.2d at 607; *State v. Pecor*, 132 Idaho 359, 367, 972 P.2d 737, 745 (Ct. App. 1998).

Wisdom asserts that the prosecutor committed prosecutorial misconduct in two instances during closing argument. In the first alleged instance, the prosecutor stated:

> *In order for you to acquit, to find him not guilty, you have to disbelieve the State's witnesses and think that [M.L.] completely made this up.* You have to believe that she was so mad over not getting a cell phone or being able to hang out with her friends or have a messy room that this 14 year old made this all up.

Wisdom asserts that the italicized statement misrepresents the reasonable doubt standard and effectively lowers the State's burden of proof. We disagree. The prosecutor's statement must be viewed in its proper context. Throughout the closing argument, the prosecutor referenced the reasonable doubt standard. She first stated, "If you believe [M.L.], you have proof beyond a reasonable doubt that this abuse happened. You have proof beyond a reasonable doubt that these crimes were committed, that the defendant did it, and that he is guilty." She then stated, "[I]f you believe the State's evidence, the testimony, and the State's witnesses, and in particular, of course, [M.L's] testimony, then you have proof beyond a reasonable doubt that the defendant committed these crimes." Finally, the prosecutor walked the jury through the elements of the crimes charged and the evidence presented and asserted that each element had been proven beyond a reasonable doubt. When viewed with the prosecutor's other closing argument references to the reasonable doubt standard, the complained-of statement is clearly a permissible comment on the evaluation of the believability of the evidence presented, not an attempt to lower the burden of proof. Further, the prosecutor's combined references to the reasonable doubt standard present a straightforward illustration of the burden of proof. Thus, the first complained-of statement in the prosecutor's closing argument did not amount to misconduct.

In the second alleged instance of prosecutorial misconduct, the prosecutor stated:

> The jury instruction says you cannot base your decision on sympathy or prejudice. But that doesn't mean that you totally put all of your emotions aside and have to stand back and assess the evidence as though you are an automaton. *If you reacted to how [M.L.] was testifying because you felt bad for her and you felt like she was being pressed to talk about stuff that was very difficult to talk about, then you believe her.* And believing her is proof beyond a reasonable doubt that he committed these crimes.

4

Wisdom asserts the italicized statement was an appeal to the emotion, passion, and prejudice of the jury. We disagree. Again, when viewed in context, the prosecutor's statement cannot be construed as an attempt to persuade the jury members to rely wholly on their emotions in making their decision on guilt or innocence. Before making this statement, the prosecutor walked the jury through the elements of the crimes charged and the evidence presented and discussed how difficult it is for victims to testify about abuse. The jury had also received the following instruction:

> You bring with you to this courtroom all of the experience and background of your lives. In your everyday affairs you determine for yourselves the reliability or the unreliability of statements made to you by other people. The same considerations that you use in your everyday dealings are the considerations that you should apply in assessing the credibility of a witness.

When viewed in this context, the prosecutor's statement is a comment on M.L.'s credibility that is based on the evidence and law presented, not an appeal to the emotion, passion, and prejudice of the jury. The statement cautions the jury members not to base their decision *wholly* on emotion while encouraging them to use their everyday experience in assessing M.L.'s credibility. It clarifies that emotions are not completely irrelevant in gauging credibility and explains how the jury may assess the testimony of a potential abuse victim. Thus, the second complained-of statement in the prosecutor's closing argument did not amount to misconduct.

Because none of the complained-of statements in the prosecutor's closing argument violated Wisdom's unwaived constitutional rights, there was no fundamental error and we need not address the last two prongs of the *Perry* analysis.

### III.

### CONCLUSION

Any error in the admission of Wisdom's comment about his past was harmless and the prosecutor's closing argument statements did not amount to fundamental error. The district court's judgment of conviction is affirmed.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.

5