**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43857**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Opinion No. 81** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  December 9, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JESSICA ELAINE STARR,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Randy J. Stoker, District Judge.  Hon. Thomas D. Kershaw, Jr., Magistrate.

Order of the district court, on intermediate appeal from the magistrate, affirming judgment of conviction for possession of marijuana and possession of drug paraphernalia, <u>affirmed</u>.

C. Ira Dillman, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Jessica Elaine Starr appeals from an intermediate appellate order of the district court affirming Starr's judgment of conviction for possession of marijuana and possession of drug paraphernalia.  Starr argues that the magistrate erred in denying Starr's motion to suppress and request to present evidence.  For the reasons set forth below, we affirm.

An officer went to Starr's residence to investigate complaints about a reckless driver and detected an odor of burnt marijuana emanating from the residence.  During the ensuing discussion with Starr, the officer said he could smell marijuana and asked to go inside.  Starr declined but offered to go inside, retrieve the marijuana and a pipe, and bring the items back out to the officer.  After further discussion, Starr allowed the officer into the entryway of the

1

residence while Starr retrieved the items. The officer observed Starr go to a bedroom and return with a jar of marijuana and a pipe. Starr later returned to the bedroom in response to the officer's further inquiries and the officer followed. Once inside the bedroom, the officer elicited other statements from Starr about the marijuana, the pipe, and the acquisition of the marijuana. Thereafter, the officer issued Starr a citation for possession of marijuana.

Starr initially pled guilty but later withdrew her guilty plea. Starr then filed a motion to suppress all evidence collected, arguing that the officer's entry into the home violated the Fourth Amendment. At the suppression hearing, the magistrate heard testimony from the officer and listened to the audio recording of the encounter. After finding that Starr voluntarily allowed the officer inside the door to take possession of the marijuana and the pipe Starr initially retrieved from the bedroom, the magistrate denied Starr's motion as to those items. However, the magistrate also found that Starr did not voluntarily consent to any subsequent search and suppressed other items found in Starr's bedroom.

Prior to trial, the State amended the complaint also charging Starr with possession of drug paraphernalia. Additionally, based on Starr's objection, the audio recording of the encounter was partially redacted to omit certain portions of the interaction between Starr and the officer, which primarily occurred once inside the residence. Consequently, the audio recording was divided into four exhibits. At trial, the State sought to admit the last two exhibits containing the audio recording of the statements Starr made during and after the bedroom search. Starr objected, arguing that, like the evidence previously suppressed, her statements were involuntary and the product of the illegal search. The magistrate ruled that Starr's statements were not the result of the officer's exploitation of the illegal bedroom search and admitted the exhibit. After the State rested its case, Starr sought to have the entire audio recording of the encounter admitted, including the portions she had successfully moved to have redacted previously, in order to give the jury an understanding of the pressure she allegedly faced and to support her defense that her statements in the bedroom were unreliable. The State objected. The magistrate denied Starr's request, noting that admission of the previously suppressed portion of the audio recording, at that point in the trial, was unfair to the State. At the conclusion of the trial, the jury found Starr guilty of possession of marijuana, I.C. § 37-2732(c)(3), and possession of drug paraphernalia, I.C. § 37-2734A(1). Starr appealed to the district court, challenging the

2

magistrate's ruling allowing admission of Starr's bedroom statements and denying her request to admit the entirety of the audio recording. On appeal, the district court affirmed Starr's judgment of conviction, holding that the magistrate had not erred. In the alternative, the district court also held that, even if the magistrate had erred in admitting Starr's bedroom statements, such error was harmless. Starr again appeals.

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, this Court's standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id.* Thus, the appellate courts do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decision of the district court. *Id.*

Starr argues that the magistrate failed to perform the required attenuation analysis before admitting Starr's statements made during and after the illegal search of her bedroom and that she was deprived of the opportunity to present to the jury the redacted portions of the audio recording. Specifically, Starr contends that her statements should have been suppressed and that, once the statements were admitted, she should have been allowed to demonstrate that those statements were unreliable by presenting the full audio recording of the encounter. However, assuming without deciding that Starr could meet her burden to show that the magistrate indeed erred in either or both rulings, such errors were harmless.

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). Where a defendant meets his or her initial burden of showing that a constitutional violation has occurred, the State has the burden of demonstrating to the appellate court beyond a

reasonable doubt that the violation did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 227-28, 245 P.3d 961, 979-80 (2010). However, where the error in question is a constitutional violation that affects the base structure of the trial to the point that the trial cannot serve its function as a vehicle for the determination of guilt or innocence, the appellate court shall vacate and remand. *Id*. Such structural defects include the complete denial of counsel, a biased trial judge, denial of self-representation, denial of a public trial, defective reasonable doubt instruction, and erroneous deprivation of the right to counsel of choice. *Id*. at 222-23, 245 P.3d at 974-75. Although structural defects require automatic reversal, most constitutional violations will be subject to a harmless error analysis. *Neder v. United States*, 527 U.S. 1, 8 (1999).

Prior to the officer entering the residence, Starr admitted to the officer that marijuana had been smoked in the residence. Starr also admitted multiple times that she had marijuana and a pipe and repeatedly offered to bring the items out to the officer. Once inside the residence, Starr went to the bedroom, retrieved the items, and delivered them to the officer. Thus, Starr's guilt for possession of marijuana and possession of drug paraphernalia was firmly established prior to the officer and Starr entering the bedroom wherein she made the statements she now challenges on appeal. These later statements, to the extent they were relevant to the charged crimes, were no different for purposes of establishing guilt than Starr's earlier unchallenged admissions. Thus, any error in failing to suppress Starr's bedroom statements was harmless.

Likewise, even if the excluded audio recording should have been admitted to show the unreliability of Starr's bedroom statements, Starr is not entitled to relief. Starr contends that the audio recording would have demonstrated the unreliability of her statements made to the officer while in the bedroom. However, nothing about the redacted portions of the audio or Starr's trial testimony demonstrates that her admissions made outside the residence from the outset were unreliable. To the contrary, the magistrate found that the encounter between Starr and the officer had been voluntary up to and including Starr's retrieval and delivery of the marijuana and pipe to the officer. Starr does not argue to the contrary. Thus, any error in excluding the entire audio of the encounter was harmless.

On appeal, Starr also argues that the district court misapplied the harmless error analysis by, in effect, shifting the burden to her. Specifically, Starr asserts that the State did not attempt

4

to meet its burden in showing harmless error even after the issue was raised at oral argument before the district court. However, the record before us does not include a transcript of the oral argument before the district court. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). Starr has not provided a sufficient record on appeal for this Court to consider her argument and review whether the State met its burden. Consequently, Starr has failed to show the district court erred by misapplying the harmless error analysis.

Because Starr's bedroom statements were inconsequential in establishing her guilt, we conclude that admitting the statements at trial and disallowing evidence to show the unreliability of the statements did not contribute to the jury's verdict. Starr has failed to show that the district court erred in affirming magistrate's rulings. Accordingly, the district court's order affirming Starr's judgment of conviction for possession of marijuana and possession of drug paraphernalia is affirmed.

Judge GUTIERREZ and Judge HUSKEY, **CONCUR**.