**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45017**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 21, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOSHUA AARON WICKHAM, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction, order retaining jurisdiction, and commitment, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Joshua Aaron Wickham appeals from the district court's judgment of conviction, order retaining jurisdiction, and commitment. Wickham argues the district court erred by denying his motion for mistrial after a witness improperly testified about Wickham's past drug use. The district court's judgment of conviction, order retaining jurisdiction, and commitment is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A police officer responded to a call from Wickham's sister who told the officer Wickham would not leave the sister's residence. After Wickham's sister provided a description of Wickham's vehicle, the officer looked up Wickham's photo and records and found his driving privileges were suspended. When the officer arrived at the residence, he noticed a vehicle fitting Wickham's sister's description leaving the residence. The officer turned on his overhead lights

1

and attempted to pull over the vehicle, but the vehicle sped away. The officer then engaged in a high-speed chase with the vehicle, which the officer eventually disengaged, concerned that the vehicle's reckless driving was dangerous to others on the road. Officers found Wickham and the vehicle a few minutes later at two businesses nearby. Wickham appeared to be under the influence of drugs. A drug recognition expert determined Wickham was under the influence of a stimulant drug and marijuana. A lab test confirmed Wickham was using methamphetamine.

Wickham was charged with eluding a police officer, Idaho Code § 49-1404(2)(a), (c); operating a motor vehicle while under the influence of alcohol and/or drugs, I.C. § 18-8004; and driving without privileges, I.C. § 18-8001. The State later also charged Wickham with being a persistent violator of the law, I.C. § 19-2514. Before trial, in response to a motion in limine filed by Wickham, the State agreed that portions of the recording of the phone call Wickham's sister made to the police, wherein she discussed Wickham's prior drug use, would not be admissible at trial and should be redacted. However, the State maintained that statements made in the phone call about Wickham's current drug use were relevant. Although the district court ruled the recording of the phone call, in a redacted form, could be used only to refresh Wickman's sister's memory outside the presence of the jury, the district court reserved its ruling on the scope of Wickman's sister's permitted testimony on the subject. In response, the State assured it would instruct Wickham's sister that she could not testify about Wickham's prior drug use, among other inadmissible topics.

At trial, when discussing the phone call, Wickham's sister testified she told dispatch that she "had asked [Wickham] not to come over until he was sober again." When asked why Wickham's sister provided a dispatch with a description of Wickham's car, she testified, "[b]ecause I would rather my brother be in jail than be dead on the streets." Wickham objected and argued these statements were highly prejudicial, expressing concern that "we're in a position where this case may be mistried at this point." The district court responded, "after seriously entertaining that motion, I don't believe we're there yet." After admonishing Wickham's sister about the limitations of her testimony, the district court let questioning resume, without providing a limiting instruction to the jury.

At the close of trial, the jury found Wickham guilty on all three counts. Wickham admitted to the persistent violator charge. On the count of eluding a peace officer, the district court sentenced Wickham to a unified term of eight years, with three years determinate, and

2

retained jurisdiction. On the other two counts, the district court credited Wickham's two concurrent 180-day jail sentences with his 180 days served. Wickham appealed to this Court.

## II.

## STANDARD OF REVIEW

In criminal cases, motions for mistrial are governed by Idaho Criminal Rule 29.1. A mistrial may be declared upon motion of the defendant when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial. I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well-established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart*, 105 Idaho 92, 95, 665 P.3d 1102, 1105 (Ct. App. 1983).

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). Where a defendant meets his or her initial burden of showing that a constitutional violation has occurred, the State has the burden of demonstrating to the appellate court beyond a reasonable doubt that the violation did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 227-28, 245 P.3d 961, 979-80 (2010).

## III.

## ANALYSIS

Wickham argues the district court erred by denying his motion for mistrial because his sister's testimony caused the jury to evaluate the evidence "through a lens tainted by information that Mr. Wickham was a drug addict." Wickham does not argue that his sister's testimony violated a pretrial stipulation or a ruling by the district court on his motion in limine, nor does he

3

identify a rule of evidence which the testimony violated. Even so, Wickham argues the statements had a continuing impact on the trial and unfairly tipped the balance of an otherwise close case in the State's favor.

Because this Court reviews the district court's decision not to declare a mistrial for reversible error, we consider the broad context in which the jury made its decision. Of particular concern here is the jury's consideration of the intoxication element for the driving under the influence count and how Wickham's sister's statements affected that consideration.[1] Beyond those statements, the jury received independent evidence of Wickham's intoxication. One officer testified that when he found Wickham, he "looked like he was under the influence of drugs," because "his eyes [were] completely dilated and not constricting in normal light," and he was sweating in sixty-seven degree weather. Another officer, a drug recognition expert, testified about the multiple tests he performed on Wickham, noting his body was tense, with rigid muscle tone and body tremors; that Wickham's heart rate was at the high end; that he had elevated blood pressure; that he could not hold his balance; that he had psychoactive elements to his behavior; and that he was dehydrated and thirsty, among other indicators of drug use. The officer concluded Wickham was impaired by a stimulant drug and marijuana. Additionally, a forensic scientist testified that she analyzed a sample of Wickham's blood which tested positive for methamphetamine.

Wickham did not refute these findings by subjecting these witnesses to cross-examination on the issue of Wickham's intoxication. Unsurprising then is the fact that in Wickham's closing argument, he admitted that he was on methamphetamine. Considered in the context of the overwhelming evidence of Wickham's intoxication, Wickham's sister's statements, even if they did communicate to the jury that Wickham was a drug addict, did not contribute to the jury's decision on the intoxication element of the driving under the influence charge. Because the statements were harmless and did not prejudice Wickham, the district court's refusal to declare a mistrial because of the statements does not amount to reversible error.

---

[1] An issue at trial was the identity of the driver of the vehicle. Wickham's sister's statements did not serve fairly or unfairly to establish Wickham as the driver of the eluding vehicle.

4

**IV.**

**CONCLUSION**

Because Wickham's sister's statements are overshadowed by the overwhelming evidence of Wickham's intoxication while driving, they did not contribute to the jury's decision, and thus the district court's failure to declare a mistrial does not constitute reversible error. The district court's judgment of conviction, order retaining jurisdiction, and commitment is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.