## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 45318

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 2, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JOSEPH ANTHONY THOMAS, JR., | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Gregory FitzMaurice, District Judge.

Judgment of conviction and sentence for first degree murder, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Joseph Anthony Thomas, Jr. appeals from the judgment of conviction and sentence for first degree murder. Thomas argues the district court erred by denying his request to instruct the jury on the lesser included offense of voluntary manslaughter and abused its discretion by imposing an excessive sentence. For the reasons set forth below, we affirm.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

The State charged Thomas with first degree murder for the death of his ex-wife (Beth). Beth died from strangulation. Thomas pled not guilty to the charge and proceeded to trial. At trial, the State's theory of the case was that Thomas used his belt to strangle Beth in her home. Thomas claimed that Beth used his belt in an act of autoerotic asphyxiation and died as a result. A jury found Thomas guilty of first degree murder. Thomas appealed, and this Court affirmed.

1

*State v. Thomas*, Docket No. 39776 (Ct. App. March 27, 2014) (unpublished). However, the Idaho Supreme Court granted review and vacated the judgment of conviction. *State v. Thomas*, 157 Idaho 916, 920, 342 P.3d 628, 632 (2015).

On remand and prior to the second trial, Thomas requested that the jury be instructed on the difference between murder and manslaughter. In addition, Thomas requested that the jury be instructed on the elements of voluntary manslaughter as a lesser included offense of murder. The district court indicated that it would withhold ruling on whether to give Thomas's proposed instructions until after the close of the evidence. During trial, the court held a jury instruction conference and invited argument on the proposed instructions. Thomas argued that some of the evidence presented could be interpreted to satisfy the elements of voluntary manslaughter. The court concluded: "My review of the evidence indicates to me that under no reasonable view of the evidence could the Court make a finding that [Thomas] had committed the lesser included offense[] of voluntary manslaughter . . . ." The district court declined to give Thomas's proposed instructions. The jury found Thomas guilty of first degree murder. The district court imposed a unified life sentence with twenty-four years determinate. Thomas timely appeals.

## II.

## ANALYSIS

Thomas argues the district court erred by denying his request to instruct the jury on the lesser included offense of voluntary manslaughter and abused its discretion by imposing an excessive sentence in light of mitigating factors.

### A.    Jury Instructions

#### 1.    Voluntary manslaughter

Thomas claims that a reasonable view of all of the evidence presented at trial supports his request to give a voluntary manslaughter instruction, and thus the district court erred in denying his request. Whether a jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

Similarly, this Court exercises free review of the district court's refusal to instruct the jury on a lesser included offense. *State v. Young*, 138 Idaho 370, 373-374, 64 P.3d 296, 299-300

(2002). Idaho Code § 19-2132(b) mandates that a district court shall instruct the jury with respect to a lesser included offense if: (1) either party requests an instruction, and (2) there is a reasonable view of the evidence presented in the case that would support a finding that the defendant committed such lesser included offense but did not commit the greater offense. I.C. § 19-2132(b). "When a district court is requested to give an instruction on a lesser included offense, it must look to *all* of the evidence presented at the trial to determine if there is a reasonable view of the evidence to support the requested instruction." *State v. Thomasson*, 122 Idaho 172, 175, 832 P.2d 743, 746 (1992). "[I]f the district court makes the determination that there *is* a reasonable view of the evidence to support an instruction on the lesser included offense, then it *must* instruct the jury on that lesser included offense." *Id*.

Here, Thomas argues that (1) he properly requested a jury instruction on voluntary manslaughter; (2) voluntary manslaughter is a lesser included offense of murder; (3) his proposed instruction correctly stated the law; and (4) a reasonable view of the evidence presented at trial supports a finding that Thomas killed Beth upon a sudden quarrel or heat of passion, without malice aforethought. In response, the State only contests whether a reasonable view of the evidence presented at trial supports a finding that Thomas committed voluntary manslaughter but did not commit murder.

Manslaughter is the unlawful killing of a human being . . . without malice. I.C. § 18-4006. Voluntary manslaughter is committed upon a sudden quarrel or heat of passion. I.C. § 18-4006(1). Murder requires malice aforethought, I.C. § 18-4001, while manslaughter does not.

In support of his argument, Thomas provides this Court with a variety of evidence that was presented at trial and claims that based on this evidence, the jury could have reasonably concluded that,

> Mr. Thomas and [Beth] had sex, during which Mr. Thomas strangled [Beth] for her sexual pleasure as they had done so many times before, but that at some point, upon a sudden quarrel or heat of passion, Mr. Thomas strengthened his grip around the belt, causing [Beth] to lose consciousness, and eventually die.

Thomas has failed to show that a reasonable view of the evidence supported giving a voluntary manslaughter instruction, and thus the district court did not err in denying Thomas's request. First, there is no evidence, let alone a reasonable view of the evidence, of a sudden quarrel. Second, similarly, no reasonable view of the evidence supports a finding of killing in the heat of passion. One of the instructions proposed by Thomas stated, in part:

3

There is no malice aforethought if Mr. Thomas acted with adequate provocation while in the heat of passion or a sudden quarrel, even if Mr. Thomas intended to kill the deceased. The provocation would have been adequate if it would have caused a reasonable person, in the same circumstances, to lose self-control and act on impulse and without reflection.

Heat of passion may be provoked by fear, rage, anger, terror, revenge or other emotion. Adequate provocation does not exist, however, when a person acts from choice and malice aforethought even though experiencing any number of emotions.

*See* Idaho Criminal Jury Instruction 707. Again, there is no evidence of provocation. Contrary to a showing of fear, rage, anger, terror, revenge or similar emotion, Thomas's evidence was that he and the victim were getting along and exchanged messages inviting Thomas to visit. Thomas claimed that he and the victim were having sex. Thomas's friend's testimony that Thomas told him he killed his wife by strangling her because he couldn't "take that shit anymore" shows choice, not the type of provocation set forth above. The district court did not err in refusing to give the requested instructions. In addition, even assuming error, such error would be harmless.

## 2. Harmless error

Thomas argues the State is unable to prove, beyond a reasonable doubt, that the district court's denial of his request to instruct the jury on voluntary manslaughter was harmless. According to Thomas, the jury instructions, when read as a whole, did not require the jury to acquit Thomas of the greater charge before considering lesser included offenses. The State argues that even if denying Thomas's request for a voluntary manslaughter instruction was error, any such error was harmless. Specifically, the State claims that the jury convicted Thomas of first degree murder after being instructed on the "acquittal first" rule, which it presumptively followed, thus the jury would not have considered voluntary manslaughter had it been included in the instructions. We agree with the State.

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). Where a defendant meets his or her initial burden of showing that a constitutional violation has occurred, the State has the burden of demonstrating to the appellate court beyond a reasonable doubt that the violation did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 227-28, 245 P.3d 961, 979-80 (2010).

4

The Idaho Supreme Court addressed how harmless error analysis interacts with challenges to a district court's refusal to give an instruction on lesser included offenses in *State v. Joy*, 155 Idaho 1, 7, 304 P.3d 276, 282 (2013). In *Joy*, the Idaho Supreme Court adopted the acquittal first rule. *Id*. The acquittal first rule is based on Idaho Code § 19-2132(c), which provides:

> If a lesser included offense is submitted to the jury for consideration, the court shall instruct the jury that it may not consider the lesser included offense unless it has first considered each of the greater offenses within which it is included, and has concluded in its deliberations that the defendant is not guilty of each of such greater offenses.

The Idaho Supreme Court explained that even if the jury is instructed on a lesser included offense, it must also "be instructed to decide whether the defendant is guilty of the greater charge first, and only to consider the lesser included offense if the jury unanimously finds the defendant is not guilty of the greater charge." *Id*. This Court presumes that the jury follows the instructions that it is given. *Id*. Thus, it must be presumed that a jury would follow the acquittal first instruction. *Id.*

Based on the acquittal first rule, we conclude that the State has proven beyond a reasonable doubt that any alleged violation did not contribute to the jury's verdict. The record reflects that the district court read the jury instructions aloud to the jury following the conclusion of the presentation of evidence. Jury instruction 16 instructed the jury on the elements of first degree murder consistent with Idaho Criminal Jury Instruction (ICJI) 704A. Immediately thereafter, the court read jury instruction 17 which, consistent with ICJI 225, instructed the jury as follows: "If your unanimous verdict is that the Defendant is not guilty of Murder in the First Degree, you must acquit him of that charge. In that event, you must next consider the included offense of Murder in the Second Degree." Thereafter, the court read jury instruction 18, which instructed the jury on second degree murder consistent with ICJI 705.

According to Thomas, jury instruction 17 was an acquittal first instruction but it did not require the jury to acquit Thomas of the greater charge before the jury could consider any lesser included offense. Thomas argues that "the instructions as a whole told the jurors that there [sic] were to determine what crime, if any, Mr. Thomas committed." Based on this reasoning, Thomas argues that "the State could not prove, beyond a reasonable doubt, that had the jury been told they could consider whether Mr. Thomas acted upon a sudden quarrel or in the heat of

5

passion, the jury nevertheless would have found Mr. Thomas guilty of first degree murder." We disagree.

Contrary to Thomas's assertion, jury instruction 17 did bar the jury from considering the lesser included offense of second degree murder prior to acquitting Thomas of first degree murder and was an appropriate acquittal first instruction. First, despite not restating the exact language of I.C. § 19-2132(c), jury instruction 17 was a verbatim recitation of ICJI 225. We presume that pattern jury instructions are correct statements of law. *State v. Reid*, 151 Idaho 80, 86, 253 P.3d 754, 760 (Ct. App. 2011). ICJI 225 is intended to satisfy I.C. § 19-2132 and is to be inserted as a transition between greater and lesser included offenses. *See* ICJI 225 comment.

Second, when viewing the jury instructions as a whole, jury instruction 17 instructed the jury that it must first determine whether Thomas was guilty of first degree murder, and that if it unanimously acquitted Thomas of first degree murder its "next" task was to consider second degree murder. Therefore, the jury instructions given in this case complied with the acquittal first rule and we presume that the jury followed the district court's instructions. *State v. Iverson*, 155 Idaho 766, 776, 316 P.3d 682, 692 (Ct. App. 2014). The jury unanimously found, beyond a reasonable doubt, that Thomas had committed first degree murder. Thus, the jury did not consider whether Thomas committed the lesser included offense of second degree murder and would not have considered the lesser included offense of voluntary manslaughter had such an instruction been given. *See Joy*, 155 Idaho at 7, 304 P.3d at 282. Consequently, assuming that the district court erred by failing to give instructions on the lesser included offense of voluntary manslaughter, any such error was harmless.

## B.     Sentencing

Thomas argues the district court abused its discretion by imposing an excessive sentence in light of mitigating factors. According to Thomas, those mitigating factors include: his lack of a significant prior criminal record; his exceptional service as a law enforcement officer; his overwhelming support from family and friends stemming from his compassionate, service-oriented character; and the positive impact he has had on others' lives.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such

an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

We conclude that Thomas has failed to show that the district court abused its discretion in imposing his sentence. Because Thomas was convicted of first degree murder, his sentence must conform to the requirements of I.C. § 18-4004 which provides:

> [E]very person guilty of murder of the first degree shall be punished by death or by imprisonment for life . . . . [I]f the death penalty is not sought, the court shall impose a life sentence with a minimum period of confinement of not less than ten (10) years during which period of confinement the offender shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct.

The district court sentenced Thomas to life imprisonment with twenty-four years determinate. Thus, Thomas's sentence was within the statutory guidelines. Although Thomas requested an indeterminate term of twenty years, the district court correctly explained during the sentencing hearing that I.C. § 18-4004 constrains the court to impose either a term of life imprisonment or the death penalty. Because the prosecuting attorney's office had determined not to seek the death penalty in this case, the court explained that its only option was to impose an indeterminate sentence of life imprisonment.

Additionally, the sentence imposed by the district court is not unreasonable upon review of the facts of the case. With respect to the determinate portion of Thomas's sentence, the court expressly considered the statutory minimum of ten years and the statutory maximum of life. After weighing the mitigating and aggravating factors, the court rejected imposing the minimum or maximum. The district court considered the sentencing objectives, the facts underlying the crime, the impact of the crime, and the presentence investigation report. Moreover, the district court expressly considered each of the mitigating factors that Thomas relies on in this appeal. It

weighed those factors against various aggravating factors including Thomas's prior unhealthy relationships with women and the extreme brutality of the crime. The district court explained that,

> the Court's view from the evidence that was submitted at trial and the matters presented in the PSI and other attached documents, I think support a finding that the murder of Beth [] in this case was accomplished through an especially violent, calculated, and callous act by [Thomas] in strangling the life from the woman that [he] had once loved and was the mother of [his] children.

The district court thoroughly articulated its reasons for imposing Thomas's sentence. Therefore, we conclude the sentence that was imposed on Thomas is adequate to protect society and further the sentencing objectives; thus, the district court did not abuse its discretion in imposing Thomas's sentence.

## III.

## CONCLUSION

The district court did not err in refusing to instruct the jury on the lesser included offense of voluntary manslaughter. Regardless, any error was harmless. In addition, the district court did not abuse its discretion by imposing Thomas's sentence. Therefore, Thomas's judgment of conviction and sentence for first degree murder is affirmed.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.