667 P.2d 272

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Daniel Wayne STODDARD, Defendant-Appellant.**

**No. 14086.**

Court of Appeals of Idaho.

July 26, 1983.

David Z. Nevin, Chief Appellate Deputy, Ada County Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Fred C. Goodenough, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

The sole question presented is whether a district court erred by denying a criminal defendant's motion for declaration of a mistrial. The defendant, Daniel Wayne Stoddard, ultimately was found guilty by a jury of stealing an automobile. Judgment of conviction was entered upon the charge of grand larceny. Because Stoddard had two prior felony convictions, the judgment also contained an adjudication that he was a persistent violator of law under I.C. § 19–2514.

At trial a police officer testified that keys to the stolen car had been found in Stoddard's possession, affixed to a key chain belonging to Stoddard. A small flashlight owned by Stoddard was also attached to the key chain. The key chain and its attachments were admitted in evidence, without objection. The prosecuting attorney then asked the officer, "Have you ever seen flashlights like that before in connection with burglaries or thefts of any sort?" The officer answered, "Yes." Defense counsel immediately objected. The district judge sustained the objection and directed the jury to disregard the testimony. Outside the presence of the jury, defense counsel also moved for mistrial. The judge denied the motion, stating, "I don't think that remark is sufficient to justify a mistrial." When the jury returned to open court, the judge re-emphasized his prior admonition:

> I want the jury to disregard that last innuendo by ... [the prosecutor] that flashlights like that are used to commit burglaries and things like that. We all know that was a ridiculous remark and I want you to completely disregard it.... [M]y mother-in-law before she died used to carry a light like that and she was no burglar and I want you to give about the same kind of credence to his remark as you would any other remark not appropriately made. It doesn't have anything to do with the guilt or innocence of the defendant.

I

Stoddard argues that the district judge should not have been content with admonitions, but should have declared a mistrial. In *State v. Urquhart*, 105 Idaho 92, 665 P.2d 1102 (Ct.App.1983), we outlined our standard for review of refusal to declare a mistrial upon motion by a criminal defendant. We noted that rulings on mistrial motions have been characterized as discretionary. However, the exercise of such discretion necessarily is reviewed in light of the full record and the outcome of the trial. Consequently, the question on appeal is not whether the trial judge rea-

sonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

 Error is not reversible unless it is prejudicial. *State v. Darrah,* 92 Idaho 25, 435 P.2d 914 (1968). Certain errors may involve constitutional rights so indispensable to a fair trial that the errors are conclusively presumed to be prejudicial, and reversal automatically follows. *E.g., Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (right to counsel); *Payne v. Arkansas,* 356 U.S. 560, 78 S.Ct. 844, 2 L.Ed.2d 975 (1958) (coerced confession); *Tumey v. Ohio,* 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed.2d 749 (1927) (impartial judge). However, with these limited exceptions, the general rule remains that constitutional error is not necessarily prejudicial error. Constitutional error does not require reversal of a conviction on appeal if the appellate court is satisfied that the error was "harmless beyond a reasonable doubt." *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

 Neither is all error constitutional in nature. In *State v. Wright,* 97 Idaho 229, 231, 542 P.2d 63, 65 (1975), our Supreme Court said, "Error in the abstract does not necessarily rise to the level of constitutional dimensions unless and until a defendant properly presents a specific prejudice resulting from such error." Therefore, if no specific constitutional right has been violated, and there is no showing of specific prejudice infringing upon due process, appellate review of error is not subject to the *Chapman* test. It is subject to the traditional test of harmless error.

 However, the traditional test of harmless error for criminal cases in Idaho has been stated in terms virtually as rigorous as those employed in *Chapman.* An adjudication of guilt will not be reversed upon a showing of error "if the evidence of the defendant's guilt is satisfactory, that is, such as ordinarily produces moral certainty, or conviction in an unprejudiced mind, and the result would not have been different had the . . . [error not occurred]." *State v. Brill,* 21 Idaho 269, 275–76, 121 P. 79, 80–81 (1912). *See also State v. Gilbert,* 65 Idaho 210, 219, 142 P.2d 584, 588 (1943).

## II

 In the present case, the testimony concerning the flashlight did not violate any basic constitutional right which would require automatic reversal, nor did it implicate any other specific constitutional right. The only specific prejudice claimed by Stoddard is that the jury may have speculated that he had engaged in other burglaries or thefts. However, we note that Stoddard took the stand at trial and admitted, in cross-examination, that he had prior felony convictions for grand larceny and two counts of burglary. Any jury perception of Stoddard as a burglar or a thief would have arisen from that admission regardless of the testimony about the flashlight.

 Accordingly, we view this case as one in which no error of constitutional dimension has been asserted. Our task, then, is to determine whether the error was harmless under the traditional test. Initially, we note that the prosecutor's question and the officer's answer were so transparently disingenuous that the possibility of any material impact upon the jury was remote. The judge not only directed the jury to disregard the testimony but pointedly disparaged it.

Moreover, we find nothing in the record to suggest that the remarks about the flashlight materially affected the outcome. Stoddard has not contested the sufficiency of the evidence to support the jury's verdict. The state adduced uncontroverted evidence that Stoddard had taken an automobile without permission from its owner. He did not return the car, but drove it until it was disabled by a flat tire. He was arrested after he sought help to get the tire fixed.

As noted above, the car keys were found in his possession, attached to his key chain. Stoddard's only defense was that he had become intoxicated at a party and that, when he took the automobile, he lacked the capacity to form a specific intent to deprive the owner of his property. However, two police officers and a citizen who encountered Stoddard soon after the car was taken testified that he appeared to be rational and coherent.

In light of the full record, we are convinced to a moral certainty that remarks about the flashlight testimony did not materially affect the result in the case. They represented harmless error—if indeed they represented any continuing error at all after the jury had been admonished. Therefore, we uphold the district judge's refusal to declare a mistrial.

The judgment of conviction is affirmed.

SWANSTROM, J., and McFADDEN, J. Pro Tem., concur.