**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40795**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 474 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 23, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRANDON JONAS LAURSEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Order withholding judgment for two counts of burglary, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Brandon Jonas Laursen appeals from the district court's order withholding judgment following a jury verdict finding him guilty of two counts of burglary. Specifically, Laursen asserts that the district court erred in excluding from trial his proposed testimony that he suffered from post-traumatic stress disorder (PTSD) when he committed the crimes and that the cause of that disorder was his military experience. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Laursen was charged with two counts of burglary after officers found him in possession of several items taken from two vehicles that had been recently burglarized. When they contacted Laursen, the police were responding to a report of a suspicious individual causing a disturbance. Laursen was found carrying a garbage bag filled with miscellaneous items. He told the officers that he was having trouble finding his girlfriend's apartment following a night of

1

partying.  Laursen stated that he had been carrying two plastic grocery sacks--one with his belongings and another with his girlfriend's belongings--when one of the sacks broke.[1]  This led him to transfer the items from the grocery sacks into a garbage bag he found near the dumpster of an apartment building.  Laursen allowed the officers to inspect the contents of the bag, which included documents bearing the name of a different individual that lived in the area.  After further investigation, many of the items in the garbage bag were determined to be stolen from two vehicles in the area.  Laursen claimed that the stolen items must have already been in the garbage bag when he placed his items inside.

Prior to trial, the state moved to exclude any reference to Laursen having PTSD, arguing that Laursen was not going to offer any expert testimony on the issue to substantiate that claim.  The state also sought to exclude any reference to Laursen's military experience overseas.  The district court granted the motion, finding that the proffered testimony would be irrelevant and would not be based in fact or science.  However, the district court ruled that Laursen could testify as to his mental state at the time of the incident.

A jury subsequently found Laursen guilty of two counts of burglary, I.C. § 18-1401.  The district court withheld judgment and placed Laursen on probation for five years.  Laursen appeals.

## II.

## ANALYSIS

Laursen alleges that the district court denied him his due process right to present a defense and testify on his own behalf when it excluded his proposed testimony regarding the alleged PTSD he was suffering from when he committed the burglaries and the causes of that PTSD.  The state contends that Laursen's proposed testimony was properly excluded as irrelevant to the issue of specific intent to commit theft and that any potential error was harmless.

The trial court has broad discretion in determining the admissibility of testimonial evidence.  *State v. Smith*, 117 Idaho 225, 232, 786 P.2d 1127, 1134 (1990).  A decision to admit or deny such evidence will not be disturbed on appeal absent a clear showing of abuse of that

---

[1]     Laursen claimed that he had been carrying these two grocery sacks with him all night as he visited bars and later went to continue drinking at the home of an individual he met at a bar.  In addition, the individual who made the initial report to police testified that Laursen was carrying three grocery sacks, not two.

discretion. *Id.* A lower court does not abuse its discretion if the court correctly recognized the issue as one of discretion, acted within the bounds of its discretion, and reached its decision by exercising reason. *State v. Moore*, 131 Idaho 814, 819, 965 P.2d 174, 179 (1998); *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Where a defendant claims that his or her right to due process was violated, we defer to the trial court's findings of fact, if supported by substantial evidence. *State v. Smith*, 135 Idaho 712, 720, 23 P.3d 786, 794 (Ct. App. 2001). However, we freely review the application of constitutional principles to the facts found. *Id.*

In this case, we need not determine whether the district court erred in excluding as irrelevant the proffered testimony regarding Laursen's alleged diagnosis of PTSD and his previous military experience as the cause of that PTSD. Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). Where a defendant meets his or her initial burden of showing that a constitutional violation has occurred, the state has the burden of demonstrating to the appellate court beyond a reasonable doubt that the violation did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 227-28, 245 P.3d 961, 979-80 (2010). The exclusion of defense evidence is subject to harmless error analysis. *Crane v. Kentucky*, 476 U.S. 683, 691 (1986).

Here, even assuming Laursen's assertion that he suffered from anxiety and flashbacks at the time of the burglaries because of PTSD is true and that the district court erred in excluding Laursen's proffered testimony as irrelevant, we conclude that error was harmless beyond a reasonable doubt. Although circumstantial in nature, the state presented sufficient evidence to allow the jury to find beyond a reasonable doubt that Laursen had the required specific intent to commit theft even if it had received the excluded testimony. More precisely, the lack of this evidence did not substantively contribute to the jury's guilty verdict as the evidence could not have undermined the state's evidence in support of Laursen's intent to commit theft. Specifically, Laursen's assertions of ownership to items in his possession that belonged to the victims supports the element of intent to commit theft of the items--an intent that would not have been undermined by testimony concerning PTSD or military service as the cause of Laursen's mental state. For instance, Laursen stated that several of the stolen items in the bag were his or

3

his girlfriend's property. He claimed that a cell phone and various other items belonging to one of the victims were the property of his girlfriend. He also alleged that he took a pen with a fake flower on it from one of the bars he was at that night, but that, too, was the property of one of the victims. Laursen further claimed that the hat, shirt, tanning lotion, and cologne in the garbage bag--all of which belonged to another victim--were his. Finally, Laursen initially claimed that he was not aware that the garbage bag contained a bottle of prescription pain pills. Laursen later stated that the prescription bottle belonged to an individual with the same first name as an individual who Laursen had allegedly met at a bar that night. Taken together, this evidence not only supports Laursen's intent to commit theft, but also contradicts and undermines Laursen's explanation of the evidence against him. Indeed, his story of placing his and his girlfriend's personal property into a garbage bag, which already contained the stolen property, is altogether incredible and unbelievable in light of the evidence in this case.

Additionally, the exclusion of the evidence did not prevent Laursen from presenting his defense. Laursen's counsel cross-examined several of the state's witnesses, pointing out the circumstantial nature of the evidence and the lack of investigation into physical evidence, such as fingerprints in the cars or on the stolen property, which could have definitively linked Laursen to the two burgled vehicles. His counsel further highlighted that Laursen did not try to evade the police despite being aware that they were on their way. Moreover, the district court allowed Laursen to testify as to his mental state that night; it precluded him from testifying only as to the official diagnosis of PTSD or that any abnormal mental state resulted from his prior military experience. However, Laursen provided no testimony or other evidence regarding any abnormal mental state, such as the anxiety or flashbacks he alleged in his offer of proof, that might have affected his ability to form the specific intent to commit theft. When asked on direct examination whether he remembered the events of that night, Laursen said, "I was somewhat intoxicated so there is a little bit of glitches that I don't remember exact details to, but I remember most of the night, yes, ma'am." Thus, Laursen attributed any abnormal mental state he was laboring under to being intoxicated, not to symptoms from his PTSD or war experience.

It is clear from the jury's verdict that it did not find Laursen's testimony convincing in light of the state's evidence regarding the element of intent to commit theft.[2]  Although potentially relevant to Laursen's mental state, the official medical diagnosis and the cause of the PTSD would not have substantively undermined the state's incriminating evidence in support of Laursen's intent to commit theft.  Indeed, absent expert testimony supporting the alleged diagnosis and explaining the potential effects and symptoms of PTSD, Laursen's testimony as to his PTSD diagnosis or the asserted cause of his PTSD would have provided no factually supported basis for believing that Laursen did not intend to commit theft when he entered the victims' vehicles and took from them the items found in his possession.  Instead, the most likely effect of the proffered testimony would have been to excite sympathy in the jury for a wounded military veteran--something that could not have properly contributed one way or the other to the jury's verdict.  As a result, the state has established beyond a reasonable doubt that the complained of error did not substantively contribute to the jury's verdict in this case.

### III.

### CONCLUSION

Assuming the district court erred in excluding the disputed testimony as irrelevant, that error was harmless beyond a reasonable doubt.  Accordingly, we affirm the district court's order withholding judgment following the jury verdict finding Laursen guilty of two counts of burglary.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**

---

[2]  Additionally, it was revealed during the state's cross-examination of Laursen that he had lied under oath about his employment status on the public defender application just a few days after his arrest.  Thus, the veracity of Laursen's entire story was undermined, further reducing the potential impact the excluded evidence may have had.