# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44275

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 535 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 2, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| CLARK JACKSON CLEVELAND, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Judgment of conviction for aggravated battery, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Clark Jackson Cleveland appeals from his judgment of conviction entered upon a jury finding him guilty of aggravated battery, Idaho Code §§ 18-903(A), 18-907(a)(b), 19-2520F. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

While an inmate at the Idaho State Correctional Institution, Cleveland was accused of attacking another inmate. The victim stated that Cleveland threw hot water on him, causing first degree and second degree burns, and that Cleveland beat him and stabbed him with tweezers. In addition to the burns, the victim's injuries included a hematoma, puncture wounds, injury to his carotid artery, and facial fractures. The State charged Cleveland with aggravated battery. A jury

found Cleveland guilty and the trial court imposed a unified fifteen-year sentence, with ten years determinate. Cleveland timely appeals.

## II.

## ANALYSIS

Cleveland claims that the district court erred by allowing, over objection, hearsay evidence regarding Cleveland's use of the microwave prior to the attack. Cleveland argues that the district court failed to exercise reason in allowing the testimony by holding that Cleveland had "opened the door" to allow the testimony. The trial court has broad discretion in determining the admissibility of testimonial evidence. *State v. Smith*, 117 Idaho 225, 232, 786 P.2d 1127, 1134 (1990). A decision to admit or deny such evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion. *Id.*

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

A detective with the Ada County Sheriff's Office conducted the investigation of the incident. The detective testified that he found blood on the toilet, the floor, and the wall of the bathroom. The detective also found a white plastic cup in the bathroom. The detective testified that he had been given information from an inmate who indicated that Cleveland had been carrying the cup. The detective testified that he reviewed a security video showing the victim and Cleveland being in the bathroom at the same time for about a minute. Further, the detective attested, Cleveland's cellmate was in the bathroom with them for about eight seconds. The detective also stated that an inmate (H.H.) could be seen walking over to the bathroom, looking inside, and eventually going into the shower across the hall.

During cross-examination, Cleveland's trial counsel inquired of the detective:

Q.      Did you come across any witnesses that--or spoke to anyone that may have saw Cleveland use the microwave?
A.      Yes.
Q.      Was that [H.H.]?
A.      Yes.

Thereafter, the State inquired of the detective:

2

Q.      Counsel asked you about [H.H.] and the use of the microwave.

A.      Correct.

Q.      What did he say about Cleveland's use of the microwave?

At that time, Cleveland's trial counsel objected on the ground of hearsay. The court opined, "You opened the door, counsel. Overruled." The detective then testified as follows:

> [H.H.] told me that he knew that Mr. Cleveland was heating up something in the microwave. That he knew it was in the white cup. He told me that Cleveland said he was heating up oatmeal and [H.H.] assumed it was water being heated up. And that he witnessed Mr. Cleveland carry the tumbler from the top of the microwave out of the day room.

The detective further testified that this occurred around the time that Cleveland entered the bathroom. We agree with the State that Cleveland's counsel opened the door to the substance of the conversation quoted above. Counsel's question was not simply whether a conversation occurred, but about Cleveland's use of the microwave.

In addition, any error in allowing the detective's testimony as to his conversation with H.H. was harmless. Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005).

Here, the victim testified that it was Cleveland who attacked him and threw boiling water on him while he was in the bathroom.[1] Cleveland argues that any error in admitting the detective's testimony is not harmless because the victim was the only eyewitness and there was no DNA evidence. However, the victim's testimony was corroborated by a video depicting activity outside the bathroom where the attack occurred. The detective testified that the video shows Cleveland going into the bathroom carrying a white container. The detective testified that in the course of the investigation, a white plastic cup was discovered on the floor in the bathroom where the victim was attacked. Further, the detective attested that he had been given information from an inmate who indicated that Cleveland had been carrying that cup. The detective further attested the video shows about one minute after Cleveland had entered the bathroom, Cleveland can be seen hurrying out of the bathroom, no longer carrying the cup. Thereafter, the visibly

---

[1]      The victim refused to testify at trial; however, his preliminary hearing testimony was admitted.

injured victim is seen leaving the bathroom. Further, medical personnel documented the victim's injuries, including burn marks, which were consistent with the attack as described. Photographs of those injuries were presented to the jury.

Based on the evidence presented, we are convinced beyond a reasonable doubt that any reference by the detective to H.H.'s account of Cleveland's microwave use did not contribute to the verdict. Based upon the detective's explanation of the security video, the victim's own testimony, and the victim's documented injuries, the jury was presented with convincing evidence that Cleveland carried a cup of hot water into the bathroom. Thus, it follows that the detective's testimony in regard to Cleveland's microwave use would have little to no effect. Significantly, defense counsel had already elicited testimony from the detective that H.H. indicated he had seen Cleveland use the microwave. The district court did not commit reversible error by admitting the detective's testimony as to his conversation with H.H. regarding Cleveland's microwave use.

## III.

## CONCLUSION

The district court did not error in allowing the testimony. Cleveland's judgment of conviction for aggravated battery is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

4