# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44906

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 18, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JASON ELLSWORTH COAPLAND, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction for a unified term of twenty years with seven years determinate for aggravated battery, use of a deadly weapon, and persistent violator enhancement, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Jason Ellsworth Coapland appeals from the judgment of conviction for aggravated battery, use of a deadly weapon during the commission of a crime, and being a persistent violator. Coapland asserts that the district court abused its discretion by overruling his hearsay objection, and the district court erred by denying his request to provide self-defense jury instructions to the jury. Coapland also asserts that the cumulative error doctrine applies to require reversal of his conviction. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Coapland and C.W. got into a heated argument while waiting in line with others to enter a homeless shelter. At some point, C.W. noticed that Coapland had a firm grip on a knife. C.W. shouted, "get away from me with that knife," and then in a single motion placed his hands on

1

Coapland's chest and pushed him backwards. Coapland then swung the knife at C.W. and stabbed C.W. in the abdomen, which caused C.W.'s small intestine to visibly protrude from his wound. Coapland was arrested and charged with aggravated battery, Idaho Code §§ 18-903(a) and 18-907(1)(a)-(b), use of a deadly weapon during the commission of a crime, I.C. § 19-2520, and a persistent violator enhancement, I.C. § 19-2514.

During trial, a detective who had been nearby responding to an unrelated call at the time of the stabbing testified that he heard an aggressive and angry uproar as he walked through an alley next to the shelter. The prosecutor asked the detective if he was able to make out any specific words that were being said. Coapland's counsel objected to this question on hearsay grounds before the detective could respond. The district court overruled the objection. The officer then testified, "There was one female voice that said something very consistent with you didn't have to do that." Later, the prosecutor asked the detective if he remembered hearing any other statements from the crowd in front of the homeless shelter. Defense counsel did not object to this question. The detective stated, "I heard something very consistent with 'you didn't have to do that.'"

During the jury instructions conference, defense counsel asked the district court to instruct the jury on self-defense. The district court denied defense counsel's request. The jury found Coapland guilty of aggravated battery and using a deadly weapon during the commission of a crime. Coapland admitted to the persistent violator enhancement. The district court sentenced Coapland to a term of twenty years with seven years determinate. Coapland timely appeals.

## II.

## ANALYSIS

On appeal, Coapland asserts the district court abused its discretion by overruling his hearsay objection to the detective's testimony. Coapland also asserts that the district court erred by failing to instruct the jury on self-defense. Finally, Coapland asserts that the cumulative error doctrine applies and necessitates reversal of his conviction.

### A. Hearsay Statements

During trial, Coapland objected on hearsay grounds when the prosecutor asked the detective if he was able to make out any specific words that were being said when he heard the

2

uproar at the homeless shelter. Without requiring the State to offer a legal basis for the admission of any out-of-court statements, the district court overruled Coapland's objection:

> It's not hearsay if he is describing what he actually observed and heard, and he's describing a situation where he is hearing an uproar. So it is both [a] present-sense impression and it's also not hearsay. I suppose you refer to him as an ear witness. So please proceed.

Coapland argues the district court abused its discretion by then allowing the detective to testify, over his objection, that he heard an unidentified female say, "you didn't have to do that." Coapland contends this statement is hearsay and is not admissible as a present-sense impression.

The State concedes that the detective's testimony regarding the unidentified woman's statement is hearsay and that the statement is likely not admissible as a present-sense impression. Despite this concession, however, the State asserts this Court should affirm the district court's ruling because the statement would have been admissible as an excited utterance. The State admits the excited utterance theory was neither raised, nor argued, nor ruled on below. Furthermore, the State acknowledges that the Idaho Supreme Court declined to apply the "right result-wrong theory" rule on "issues neither raised nor argued below," in *State v. Garcia-Rodriguez*, 162 Idaho 271, 275-76, 396 P.3d 700, 704-05 (2017). Nevertheless, the State argues the district court effectively denied the prosecutor an opportunity to respond to Coapland's objection or to assert theories upon which the statement could have been admitted because the court ordered the prosecutor to continue questioning the witness immediately after ruling on the objection. Consequently, the State contends *Garcia-Rodriguez* should not foreclose affirming the district court based on an excited utterance theory.

The State relies on *State v. Smith*, 161 Idaho 782, 391 P.3d 1252 (2017) in support of its claim that this Court should consider the excited utterance theory on appeal. However, the State's reliance on *Smith* is misplaced. In *Smith*, the district court overruled the defendant's hearsay objection. On appeal, the appellant raised the issue of whether the district court erred in overruling the hearsay objection. However, neither party argued whether the statement was admissible pursuant to Idaho Rule of Evidence 801(d)(2)(E) as a statement made by a co-conspirator during the course of or in furtherance of a conspiracy. Nevertheless, the Idaho Supreme Court held that the out-of-court statement was not hearsay and was admissible because it was a statement by a co-conspirator in furtherance of a conspiracy, pursuant to I.R.E. 801(d)(2)(e). The Court reasoned that the State had sufficiently presented a co-conspirator

theory to the district court at a hearing prior to the commencement of trial, and thus, the Court could decide the matter on appeal. Because there is no evidence here that the excited utterance theory was raised in any manner below, we decline to apply the "right result-wrong theory" rule. Therefore, the excited utterance theory is not properly before this Court on appeal.

Finally, the State argues that even if the court erred by admitting the statement into evidence, any such error was harmless. Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). "A defendant appealing from an objected-to, non-constitutionally-based error shall have the duty to establish that such an error occurred, at which point the State shall have the burden of demonstrating that the error is harmless beyond a reasonable doubt." *State v. Perry*, 150 Idaho 209, 222, 245 P.3d 961, 974 (2010). Coapland argues the State cannot prove beyond a reasonable doubt that admission of the hearsay statement did not contribute to the verdict actually rendered in this case and was thus harmless. Coapland also argues the error is not harmless because the State used the hearsay statement as its theme--quoting it both during opening statements and closing arguments.

From our review of the record, we are convinced beyond a reasonable doubt that the verdict rendered in this case is not attributable to any error in the district court's decision to overrule Coapland's hearsay objection. The identity of the declarant is unknown, and the statement itself is non-specific. There is no evidence in the record that the statement was directed at a specific person, much less at Coapland. Thus, the only potential prejudice posed by the statement is that it would negate a self-defense theory. However, Coapland was adamant that he did not have any recollection of what happened during the altercation. Instead of testimony supporting a self-defense theory based on his recollection of the event, Coapland merely offered hypothetical suppositions about what might have happened on the day of the stabbing. On the other hand, the State presented overwhelming evidence of Coapland's guilt, including: C.W.'s testimony, the testimony of an eyewitness to the stabbing, the detective's testimony, the treating surgeon's testimony, pictures of C.W.'s wound after the surgery to repair his injuries, and the knife. Coapland's defense did not cast any doubt on the relevant points of the State's case. Accordingly, any error in allowing the detective to testify to this hearsay statement was harmless.

## B.     Self-Defense Instructions

Coapland argues that the district court erred in declining to provide self-defense instructions to the jury. Coapland contends that a defendant is entitled to self-defense

4

instructions whenever there is some supportive evidence for that theory, even if that evidence is not necessarily introduced by the defendant. According to Coapland, C.W.'s testimony that he pushed Coapland before Coapland swung the knife constitutes some evidence supporting his self-defense theory.

The State asserts the district court properly rejected Coapland's requested self-defense instructions. According to the State, the self-defense instructions are not supported by the evidence in the record because neither Coapland nor any other witness testified that he acted in self-defense, and his request for the instructions was based solely on speculation about why he would have stabbed C.W. because he had testified that he did not remember the event. Moreover, the State argues there is no evidence to substantiate a self-defense claim because there is no evidence showing that Coapland had a reasonable fear of bodily harm or that stabbing C.W. was a reasonable response to such a fear. In reply, Coapland argues that the question of whether he used reasonable force is a question for the jury.

Whether a jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

The district court properly rejected Coapland's requested self-defense instructions. A review of the record shows that the requested self-defense instructions were not supported by the evidence. Coapland testified in his own defense that he did not have any recollection of the stabbing or the events surrounding it due to two purported brain injuries he had suffered earlier in life that affected his memory. Despite claiming to have no memory of the event, Coapland also testified, "[T]here is no possible way on earth in my lifetime that I would pull a weapon for any other reason unless I was under physical threat. Period." During the jury instructions conference, defense counsel moved the court to provide the jury with instructions on self-defense:

> I believe there is a good faith basis based on Mr. Coapland's testimony regarding the only reason he would pull a knife is in fear of threat. I think he has established that he--had he remembered, if he had pulled out the knife, it would have been done in self-defense.

The court denied the request, stating:

5

> You know, I think that requires a real level of speculation to say "had I remembered" because it is pretty clear he doesn't remember. And there's no other evidence of anything that would warrant a self-defense instruction. So I do not think the evidence is sufficient to justify presenting the issue of self-defense to the jury.

The basis of Coapland's request for the self-defense instructions was his own trial testimony. Yet, Coapland did not testify that he acted in self-defense, nor did any other witness to the stabbing testify that Coapland acted in self-defense. In fact, one eyewitness testified that it was C.W. who had responded to the stabbing in self-defense. Again, instead of offering testimony to support a self-defense theory based on his own recollection of the event, Coapland merely speculated about what might have happened on the day of the stabbing. Such speculation is not sufficient to support giving self-defense instructions.

Additionally, Coapland repeatedly suggests on appeal that the self-defense instructions were warranted because C.W. testified that he simultaneously swung at Coapland with a closed fist as Coapland swung the knife at him. However, the record does not support this interpretation of the evidence. An eyewitness testified that Coapland swung the knife first, and then C.W. responded by throwing the punch "in self-defense." Furthermore, as the State correctly notes, C.W. testified that he threw the punch after he saw Coapland swinging the knife at him.

## C.    Cumulative Error

Finally, Coapland contends that the cumulative error doctrine applies here, necessitating a reversal of his conviction. Under the doctrine of cumulative error, a series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. *State v. Adamcik*, 152 Idaho 445, 483, 272 P.3d 417, 455 (2012). However, a necessary predicate to the application of the doctrine is a finding of more than one error. *Id*. Coapland has failed to demonstrate at least two errors. Therefore, the cumulative error doctrine does not apply.

### III.

### CONCLUSION

Any error in the district court's decision to allow the detective to testify that he heard a woman say "you didn't have to do that" was harmless. The district court did not err in declining to provide self-defense instructions to the jury. Because Coapland failed to demonstrate at least two errors, the cumulative error doctrine does not apply. Therefore, we affirm the judgment of the district court.

Judge HUSKEY and Judge LORELLO **CONCUR**.

6