**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket Nos. 45951, 45952 & 45953**

STATE OF IDAHO, )
)  **Filed:  March 13, 2019**
Plaintiff-Respondent, )
)  **Karel A. Lehrman, Clerk**
v. )
)  **THIS IS AN UNPUBLISHED**
ODILON BANDA HERNANDEZ, )  **OPINION AND SHALL NOT**
)  **BE CITED AS AUTHORITY**
Defendant-Appellant. )
)

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. G. Richard Bevan, District Judge.

Orders denying Idaho Criminal Rule 35 motions, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kim A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

In Docket No. 45951, Odilon Banda Hernandez pleaded guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1), and the district court imposed a unified five-year sentence, with two years determinate, suspended the sentence, and placed Hernandez on a term of probation.  In Docket No. 45952, Hernandez pleaded guilty to felony driving under the influence (DUI), I.C. §§ 18-8004, 18-8005(6).  Hernandez also admitted to violating the terms of his probation in 45951.  In 45952, the district court imposed a unified seven-year sentence, with two years determinate, to run concurrently with his sentence in 45951.  The district court revoked Hernandez's probation in 45951 and retained jurisdiction in both cases.  Following his period of retained jurisdiction, the district court placed Hernandez on a term of probation.  Next,

1

in Docket No. 45953 Hernandez pleaded guilty to possession of controlled substance, I.C. § 37-2732(c)(1).  He also admitted to violating the terms of his probation in 45951 and 45952.  Consequently, the district court revoked probation in 45951 and 45952 and executed the underlying sentences.  In 45953, the district court imposed a consecutive, two-year indeterminate sentence.  Hernandez filed an Idaho Criminal Rule 35 motion to correct an illegal sentence in each case.  The district court found that the I.C.R. 35 motions for reduction of sentence were not filed timely and, thus, the court lacked subject matter jurisdiction and denied the motions.  Hernandez timely appeals.

On appeal, Hernandez claims that the district court erred by denying his motions to correct an illegal sentence pursuant to I.C.R. 35(a) seeking relief when the district court "failed to take into account certain known or knowable neurological facts regarding 'frontal lobe immaturity' in young men" and the court was required to take this into consideration when determining Hernandez's sentences.  Hernandez argues that the court erred because his motions were timely filed and not time barred.  Further, Hernandez acknowledged that his requested relief would rely on "development of additional facts at an evidentiary hearing."

Under I.C.R. 35(a), a motion to correct an illegal sentence may be filed at any time and, thus, the district court did err by denying Hernandez's motion on a timeliness ground.  Yet, in *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under I.C.R. 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing.  Idaho Criminal Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by I.C.R. 35 should be limited to uphold the finality of judgments.  *State v. Farwell,* 144 Idaho 732, 735, 170 P.3d 397, 400 (2007).  Idaho Criminal Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive.  *Clements*, 148 Idaho at 87, 218 P.3d at 1148.  Hernandez's claims of illegal sentences are outside the scope of claims that may be brought through an I.C.R. 35(a) motion because his claims require additional evidence and so his claim of error is not clear on the face of the record.

2

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). Idaho Criminal Rule 52 states that "any error, defect, irregularity or variance that does not affect substantial rights must be disregarded." An err is harmless when the court finds the result would be the same without the error. *State v. Almaraz*, 154 Idaho 584, 598, 301 P.3d 242, 256 (2013).

In this case, although the district court denied the motions in error based on a time bar, the motions would otherwise be denied because the relief sought was outside the scope of I.C.R. 35(a). Accordingly, the district court's orders denying Hernandez's I.C.R. 35 motions are affirmed.