**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45480**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 3, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| LANCE CAMERON CLEMENTS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven Hippler, District Judge.

Judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Lance Cameron Clements appeals from his judgment of conviction for two counts of lewd conduct with a minor under the age of sixteen. Clements argues the district court erred when it admitted the CARES[1] video of the victim's interview pursuant to Idaho Rules of Evidence 803(4), as the statements made to the social worker who conducted the interview were not for the purpose of medical diagnosis. The State argues the statements were made for the purpose of medical diagnosis and consequently, the district court did not err in admitting the CARES video. For the reasons set forth below, the judgment of conviction is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

---

[1]     CARES is an acronym for Children at Risk Evaluation Services and is an outpatient medical facility run by St. Luke's Medical Center.

1

Clements was indicted for three counts of lewd conduct with a minor child under the age of sixteen and one count of sexual abuse of a child under the age of sixteen after his daughter, T.C., reported allegations of sexual acts to her mother. T.C.'s mother called the police department and was referred to the CARES unit for an interview. The CARES' process generally includes an interview with a forensic social worker and then a follow-up medical examination by a doctor. T.C. and her mother arrived at CARES one to two days after T.C. disclosed the sexual behavior. Because the facility did not have a social worker on staff to conduct an interview with T.C., Dr. Matthew Cox, a pediatrician and the medical director of CARES, conducted the medical evaluation of T.C. that day. Dr. Cox found evidence of physical injury that could not have been self-inflicted.

T.C. was brought back to the CARES unit the following day for the interview and a second medical examination. A trained social worker interviewed T.C. for over an hour while Dr. Cox watched from a separate interview room. During that time, the social worker took breaks to confer with both law enforcement and Dr. Cox to see if there were additional questions that needed to be asked. Dr. Cox testified that he watched the interview to determine whether he should alter the scope of the upcoming medical examination of T.C. Dr. Cox subsequently examined T.C.

The State filed a motion in limine and a notice of intent to introduce materials pursuant to Idaho Rules of Evidence 803(4), 803(24), and 612. Specifically, the State sought to admit the CARES video interview of T.C. Clements objected and argued the evidence was inadmissible. Following a hearing, the district court held that T.C.'s statements made to the social worker during the interview were admissible pursuant to I.R.E. 803(4). The district court reasoned that T.C.'s statements were made for the purpose of medical treatment or diagnosis, as they altered or provided the scope of the medical examination subsequently conducted by Dr. Cox.

The morning of trial, Clements' counsel made an additional objection regarding the CARES interview, arguing that not all of T.C.'s statements were admissible pursuant to I.R.E. 803(4). Clements' counsel offered to parse through the video to identify the statements to which she objected. She asked the district court to then redact any statement not falling within I.R.E. 803(4). The district court denied the motion, holding that Clements' had waived any objection to individual statements on the videotape by failing to make the objection at the previous evidentiary hearing. The district court further explained that waiting until the morning

2

of trial to work on redacting a videotape was too time consuming to be done at that late date. Finally, the district court held the motion failed, generally, because T.C. believed she was providing the statements for the purpose of medical treatment, so all statements would be admissible.

Following a trial in which the interview videotape was admitted, Clements was convicted of two counts of lewd conduct with a minor and acquitted of the other charges. The district court imposed concurrent, unified sentences of thirty years, with ten years determinate. Clements appeals.

## II.

## STANDARD OF REVIEW

The decision whether to admit evidence at trial is generally within the province of the trial court. *State v. Gilpin*, 132 Idaho 643, 646, 977 P.2d 905, 908 (Ct. App. 1999). Therefore, a trial court's determination as to the admission of evidence at trial will only be reversed where there has been an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973-74, 829 P.2d 861, 863-64 (1992).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion, acted consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). Where a defendant meets his or her initial burden of showing that a constitutional violation has occurred, the State has the burden of demonstrating to the appellate court beyond a reasonable doubt that the violation did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 227-28, 245 P.3d 961, 979-80 (2010).

## III.

## ANALYSIS

Clements argues that because T.C.'s statements were not made to a person who could provide medical treatment, the statements were inadmissible pursuant to I.R.E. 803(4). Alternatively, Clements argues that because the medical examination had already been completed, T.C.'s statements could not have been for the purpose of medical diagnosis or treatment pursuant to I.R.E. 803(4). Clements also asserts the district court erred in holding that Clements waived any objections to individual statements as opposed to the video as a whole. The State argues that T.C.'s statements were made for the purposes of medical diagnosis and treatment and to whom the statements were made is not the controlling question. Moreover, the State asserts that even if the videotape was erroneously admitted, the error was harmless because several witnesses, including T.C., testified without objection regarding the same events. The State also argues that the district court did not err in holding that Clements waived any objections to individual statements and also argues any error was harmless because of the overwhelming evidence of Clements' guilt. Because this Court finds any alleged error to be harmless, we need not address whether the district court abused its discretion in admitting the video.

At trial, T.C.'s mother testified without objection that T.C. told her that Clements' had touched her "front no-no area" inside her panties, Clements rubbed T.C.'s front genitals on the inside of her panties with his finger and asked T.C. if it felt good, and Clements had T.C. perform oral sex on him. T.C.'s mother also testified that she looked at T.C.'s genitals and noticed they were red and irritated. T.C. testified in detail about the various sexual acts that Clements did to T.C. or had T.C. do to him; Clements did not cross examine T.C.

Dr. Cox also testified, without objection, that T.C. stated Clements had touched her front genitals and Clements had her perform oral sex on him. Dr. Cox testified that he performed medical examinations of T.C. and the physical findings from T.C.'s medical examination demonstrated some recent injuries to T.C.'s genitals, one of which could not be self-inflicted, and both injuries were consistent with T.C.'s disclosure of sexual abuse.

Consequently, any evidence provided in the CARES interview was cumulative to the testimony already provided. In light of the testimony regarding Clements' guilt, this Court finds beyond a reasonable doubt that the admission of the CARES interview did not contribute to the verdict in this case.

4

## IV.

## CONCLUSION

Even if the district court erred in admitting the CARES interview video and in finding Clements waived any objections to individual statements within the video, any such error was harmless. Consequently, we affirm Clements' judgment of conviction.

Chief Judge GRATTON and Judge BRAILSFORD **CONCUR**.