# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45587

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 10, 2019 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JORGE E. RODRIQUEZ, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Boise County. Hon. Renae Hoff, Senior District Judge.

Judgment of conviction for domestic battery with traumatic injury in the presence of a child, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

A jury found Jorge E. Rodriquez guilty of domestic battery with traumatic injury in the presence of a child. On appeal, Rodriquez argues the district court erred in allowing the admission of testimony from the victim's mother under Idaho Rule of Evidence 803(4) and the error was not harmless. The State asserts the district court did not err and, alternatively, any error concerning this testimony was harmless. Because the record demonstrates beyond a reasonable doubt that the complained of error did not contribute to the verdict obtained, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The victim and Rodriquez were married. Testimony at trial established the following facts. After an altercation, the victim sustained multiple injuries including a fractured nose,

1

black eyes, and other bodily bruising. A few days after receiving these injuries, the victim drove to her parents' house in Burley, Idaho. While there, the victim told her parents that her husband, Rodriquez, caused the injuries by hitting her while she was breastfeeding their child. Kathryn, the victim's mother and a registered nurse, began assessing the extent of the victim's injuries. In addition to the signs of facial trauma, Kathryn noticed lumps on the victim's head, bruising on her wrists, a shoe-print shaped bruise on her inner thigh, and indications that hair was pulled out of her scalp. The victim's parents called the police and an officer was dispatched to the home. The officer interviewed the victim at her parents' house and took photos of her injuries. During this process, the victim told the officer that Rodriquez caused the injuries while she was breastfeeding their child. The State charged Rodriquez with domestic battery with traumatic injury in the presence of a child.

During the week after the victim sustained the injuries, she disclosed to multiple people, including her coworkers, a crisis hotline, Karen (the victim's aunt in her capacity as the intake assistant at a doctor's office), and the prosecutor that Rodriquez caused the injuries. However, after the State indicted Rodriquez, the victim spoke to the prosecutor and recanted her story. The victim expressed that she had been angry with her husband because of suspected infidelity and that she had fabricated the allegation of domestic abuse to seek retribution. The victim explained the real sources of her injuries were much more innocuous; the facial injuries were the result of a cell phone accidently hitting her in the face when she tried to grab it out of Rodriquez's hands and the bodily bruising was the result of normal work-related duties as a cashier at COSTCO.

Despite the victim's recantation, the State went forward with the prosecution of Rodriquez for domestic battery with traumatic injury in the presence of a child. Rodriquez's first trial resulted in a hung jury. During the subsequent trial, the State called Kathryn as a witness. During the direct examination, the State asked Kathryn about her assessment of the victim's injuries when the victim arrived at Kathryn's home:

STATE:      At this point--I know it's your own daughter--did you feel that you
            were acting as a RN or her mother?
KATHRYN:    Both. It's my obligation, as a registered nurse, to report anything
            that I think is a danger to another person. I would lose my license
            if I didn't.
STATE:      How did she say she obtained these injuries?
DEFENSE:    Objection, Your Honor.
COURT:      I'll allow it, without hearsay.
STATE:      How did she say she obtained these injuries?

2

KATHRYN:  She said that her husband had done it.
STATE:    Would you say again that a little clearer.  I'm sorry.
KATHRYN:  She said her husband [Rodriquez] had done it.
STATE:    Had done one of these injuries?  Or . . .
KATHRYN:  No, everything.

Later on in the direct examination, the State asked Kathryn about the victim's veracity for truthfulness:

STATE:    Do you know when your daughter is lying to you?
KATHRYN:  My daughter has never lied to me.
STATE:    You don't think so?
KATHRYN:  No.

During its closing argument, the State asserted that the victim was being truthful in her original disclosures that Rodriquez caused the injuries.  The State indicated that multiple witnesses testified to the victim's veracity.  After the two-day trial, the jury found Rodriquez guilty of domestic battery with traumatic injury in the presence of a child.  The district court imposed an eighteen-year sentence, with eight years determinate.  Rodriquez timely appeals.

## II.

### STANDARD OF REVIEW

The trial court has broad discretion in determining the admissibility of testimonial evidence.  *State v. Smith*, 117 Idaho 225, 232, 786 P.2d 1127, 1134 (1990).  A decision to admit or deny such evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion.  *Id.*

Error is not reversible unless it is prejudicial.  *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983).  With limited exceptions, even constitutional error is not necessarily prejudicial error.  *Id.*  Thus, we examine whether the alleged error complained of in the present case was harmless.  *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005).  Where a defendant meets his or her initial burden of showing that a constitutional violation has occurred, the State has the burden of demonstrating to the appellate court beyond a reasonable doubt that the violation did not contribute to the jury's verdict.  *State v. Perry*, 150 Idaho 209, 227-28, 245 P.3d 961, 979-80 (2010).  However, where the error in question is a constitutional violation that affects the base structure of the trial to the point that the trial cannot serve its function as a vehicle for the determination of guilt or innocence, the appellate court shall vacate and remand.  *Id.*  Although structural defects require automatic reversal, most

constitutional violations will be subject to a harmless error analysis. *Neder v. United States*, 527 U.S. 1, 8 (1999).

## III.

## ANALYSIS

On appeal, Rodriquez asserts the district court erred in allowing Kathryn to testify about the cause of the victim's injuries and this error was not harmless. Initially, Rodriquez alleges the district court erroneously permitted Kathryn to testify under I.R.E. 803(4), that the victim told Kathryn that Rodriquez caused the injuries. Idaho Rule of Evidence 803(4) provides for the admission of hearsay statements when the declarant described symptoms for the purpose of medical diagnosis or treatment. "The rule is premised on the assumption that such statements are generally trustworthy because the declarant is motivated by a desire to receive proper medical treatment and will therefore be truthful in giving pertinent information to the physician." *State v. Nelson*, 131 Idaho 210, 216, 953 P.2d 650, 656 (Ct. App. 1998). Rodriquez asserts that Kathryn's testimony was only admissible if the victim was seeking medical diagnosis or treatment from Kathryn when the victim told Kathryn that Rodriquez caused the injuries. Rodriquez claims that the victim's intent when she told Kathryn about the event was not to seek medical diagnosis or treatment, but rather, to punish Rodriquez for alleged infidelity by making false claims of abuse to her parents. Consequently, Rodriquez asserts the district court erred when it admitted Kathryn's testimony under I.R.E. 803(4).

In response, the State argues the district court correctly determined the victim's statement to Kathryn about who caused the injuries was, at least partially, made for medical diagnosis or treatment. The State focuses on Kathryn's background, intent, and actions when making this determination: she is a nurse, conducted the examination as a nurse, formed a medical opinion about the bruises, and made arrangements for the victim to see an orthopedic surgeon. Alternatively, the State asserts that even if the statement was not made for the purposes of obtaining medical diagnosis or treatment, any error in the district court's admission of the testimony was necessarily harmless because prior to Kathryn's testimony, the victim already testified that she had initially told Kathryn and seven other people that Rodriquez caused the injuries and later recanted her story.

Rodriquez argues the admission of the testimony was not harmless because the State failed to meet its burden of proving, beyond a reasonable doubt, that the guilty verdict actually

4

rendered was surely unattributable to the error as required by *Sullivan v. Louisiana*, 508 U.S. 275 (1993). In support of this claim, Rodriquez implies that Kathryn was the only witness to speak to the victim's truthfulness about her statements that Rodriquez caused the injuries. Additionally, Rodriquez asserts that during its closing argument, the State capitalized on Kathryn's testimony about Rodriquez as the source of the victim's injury and Kathryn's subsequent statements about the victim's truthfulness. Finally, Rodriquez asserts that the result of a hung jury in his first trial indicated at least one juror believed the victim's recantation that Rodriquez had not caused the injuries.

Assuming without deciding the district court erred in admitting the testimony pursuant to I.R.E. 803(4), this Court finds any error harmless because a review of the record demonstrates beyond a reasonable doubt that Kathryn's testimony did not contribute to the jury's verdict.

A constitutional error at trial does not require, nor even often result in, a reversal of the criminal conviction upon appeal. *See Arizona v. Fulminante*, 499 U.S. 279, 306 (1991); *State v. Perry*, 150 Idaho 209, 221, 245 P.3d 961, 973 (2010). Although some constitutional errors are so fundamental to the promise of a fair trial or so permeate the framework of the proceedings that infraction must always result in a reversal, the majority, like violations of a defendant's right to confront witnesses, will be subject to a harmless error analysis. *See Neder v. United States*, 527 U.S. 1, 8, 18 (1999). When a defendant alleges a constitutional error occurred at trial, we must first determine whether the defendant made a contemporaneous objection. If the alleged error was followed by a contemporaneous objection, the harmless error test applies, requiring a reversal unless the State proves beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. *Perry*, 150 Idaho at 221, P.3d at 973. Thus, the burden of persuasion is on the State to demonstrate that the constitutional violation did not affect the outcome of the case. *Id*. at 225, 245 P.3d at 977.

The Idaho Supreme Court applied the harmless error test in *State v. Almaraz,* 154 Idaho 584, 301 P.3d 242 (2011) and noted: "[T]he error is harmless if the Court finds that the result would be the same without the error." *Id.* at 598, 301 P.3d at 256. Thus, when applying a harmless error test to a particular scenario, "a court, in typical appellate-court fashion, asks whether the record contains evidence that could rationally lead to a contrary finding with respect to the [error]." *Neder*, 527 U.S. at 19.

5

Here, Rodriquez contemporaneously objected to the admission of Kathryn's testimony that the victim said Rodriquez caused her injuries. However, any error in admitting Kathryn's testimony was harmless. First, Kathryn's statement that the victim told her Rodriquez had caused the injuries was already established through the victim's own testimony. Prior to Kathryn's testimony at trial, the victim testified that she initially told Kathryn, her father, a police officer, two coworkers, a crisis line, her aunt, and the prosecutor that Rodriquez caused the injuries. The victim said she lied about this allegation because she was angry at Rodriquez. The victim also testified that she lied during the preliminary hearing when she said that Rodriquez caused the injuries because she felt threatened by the prosecutor. Therefore, when Kathryn subsequently testified that the victim had told her that Rodriquez caused the injuries, this testimony was harmless because the victim already testified that she told multiple people that Rodriquez caused the injuries. Kathryn's testimony naming Rodriquez as the cause of the victim's injuries did not contribute to the verdict in this case. None of Rodriquez's other arguments establish any error was not harmless.

## IV.

## CONCLUSION

Assuming without deciding the district court erred in admitting Kathryn's testimony that Rodriquez caused the victim's injuries, the record establishes beyond a reasonable doubt that any error did not contribute to the verdict obtained and was therefore harmless. Accordingly, the judgment of conviction is affirmed.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.

6