**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45600**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | Filed:  August 2, 2019 |
| Plaintiff-Respondent, ) | |
| ) | Karel A. Lehrman, Clerk |
| v. ) | |
| ) | THIS IS AN UNPUBLISHED |
| MICHELLE RENEE EDMONSON, ) | OPINION AND SHALL NOT |
| ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County.  Hon. Nancy Baskin, District Judge.

Judgment of conviction for burglary, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Michelle Renee Edmonson appeals from her judgment of conviction for burglary. Edmonson asserts that the district court abused its discretion when it allowed an officer to identify Edmonson as the person depicted in photographs taken during the burglary. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After cash was taken from a daycare, the managers set up a security camera. A few weeks later, the camera sent an alert to the cell phone of one of the managers indicating that someone was present in the daycare office while the daycare was closed. The manager watched the live video recording from the camera and saw a woman going through the drawers in the

1

office. The manager captured screenshots on her cell phone before the security camera and money were stolen from the daycare. The State charged Edmonson with burglary, alleging that she entered the daycare with the intent to commit theft or aided and abetted a friend who entered the daycare with the intent to commit theft.

At trial, the screenshots were admitted into evidence. Three officers identified Edmonson as the woman in the screenshots. Edmonson objected to the identification testimony of one of the officers, and the objection was overruled. The jury found Edmonson guilty of burglary. Edmonson appeals.

## II.

## ANALYSIS

Edmonson argues that the district court abused its discretion when it allowed one of the officers to testify that Edmonson was the woman in the screenshots taken during the burglary. Edmonson contends that the testimony was inadmissible under I.R.E. 701 because the officer "was not more likely to correctly identify the woman in the screenshots than was the jury." The State responds that the totality of the circumstances supports the district court's evidentiary ruling. Alternatively, the State asserts that any error by the district court was harmless. We need not address the admissibility question under I.R.E. 701 because any error in the admission of the identification testimony was harmless.

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). An error is harmless, and therefore not prejudicial, if the reviewing court is able to declare beyond a reasonable doubt that the error did not contribute to the verdict. *State v. Ruiz*, 159 Idaho 722, 724, 366 P.3d 644, 646 (Ct. App. 2015). The State has the burden of demonstrating that the alleged error was harmless. *State v. Perry*, 150 Idaho 209, 222, 245 P.3d 961, 974 (2010).

At trial, the State admitted three exhibits that depicted screenshots taken during the burglary of the person in the daycare office. The first officer who testified interviewed Edmonson seven days after the burglary. During his testimony, the prosecutor asked the officer if he recognized the person in the screenshots. Edmonson objected, arguing that the testimony did not satisfy the requirements of I.R.E. 701(b). The district court overruled the objection. After the objection was overruled, the officer testified that Edmonson was the person in the

screenshots. After the first officer testified, two other officers testified, without objection, that Edmonson was the individual in the screenshots. Those officers testified that they had known Edmonson for seventeen and eighteen years, respectively, and both identified Edmonson from the screenshots. While Edmonson introduced photographs of her sister to imply that her sister could have been the individual in the screenshots, the second and third officers who identified Edmonson also knew Edmonson's sister and testified that her sister was not the individual in the screenshots. Moreover, although Edmonson introduced photographs of her sister, Edmonson never identified the person in the screenshots as her sister. Finally, Edmonson admitted that she was present in the daycare on the night of the burglary, claiming she was only there to assist a friend who had worked at the daycare and "popped the lock" to retrieve milk and creamer from the daycare. Based on the evidence presented, we conclude that the first officer's testimony identifying Edmonson as the person in the screenshots did not contribute to the jury verdict. Thus, any error was harmless.

### III.
### CONCLUSION

Even assuming error in the admission of identification testimony under I.R.E. 701, any error was harmless. Therefore, Edmonson's judgment of conviction for burglary is affirmed.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

3